| 132 | 529 |
| --- | --- |
| '81 | 489 |

# ANN PATRICK *et al.*

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Mt. Vernon April 22, 1890.*

1. CRIMINAL LAW—*amending indictment.* A State's attorney has no authority to amend an indictment. The statutes allowing amendments do not apply in criminal cases, and there is nothing in our statutes authorizing any one to change or modify the language of an indictment as presented by the grand jury.

2. So it is error to allow the State's attorney to strike out of an indictment certain words, changing the charge somewhat, and to require the jury to render a verdict on the indictment as thus amended.

3. SAME—*attempt to commit a crime—defined.* An attempt to commit a crime is an endeavor to accomplish it, carried beyond mere preparation, but falling short of execution of the ultimate purpose in any part of it. To make the act an indictable attempt, it must be a *cause*, as distinguished from a *condition.*

4. SAME — *attempt to release prisoner from jail — conveying to him tools, etc., for that purpose—the statutes construed.* An indictment for an attempt to set at liberty one held in jail on a charge of murder, is not sustained by proof that the defendant procured some saws, files and knives, and employed another person to deliver them to the party in jail.

5. Section 87 of the Criminal Code, making it a penitentiary offense to set at liberty or rescue, or attempt to set at liberty or rescue, a person charged with a capital offense, etc., does not apply to a case where one procures tools, etc., to be conveyed to one in jail to facilitate his escape. That offense is provided for in section 92 of the Criminal Code. By section 273 of the Criminal Code, all attempts to commit offenses are punishable only by imprisonment in the county jail and by fine, not by confinement in the penitentiary.

6. SAME—*variance.* Under an indictment framed on section 87 of the Criminal Code, no conviction can be had of one who procures tools to be conveyed to a prisoner for the purpose of facilitating his escape.

WRIT OF ERROR to the Circuit Court of White county; the Hon. C. C. BOGGS, Judge, presiding.

34—132 ILL.

Messrs. ORGAN & ORGAN, and Mr. Ross GRAHAM, for the plaintiffs in error:

Whereas the statute makes an act not before subject to punishment, an offense, the mode of procedure provided by the statute must be pursued. If the act was an offense at common law, the mode of procedure may be cumulative, but none other than the statutory remedy can be inflicted. Wharton on Crim. Law, secs. 10, 11, 371, 373.

Thomas Jackson, who, on the theory of the prosecution, stood in the relation of principal to the plaintiffs in error, was not guilty of an attempt to set at liberty the prisoner, etc., but should have been indicted for an attempt to convey tools, etc., and was guilty of a misdemeanor, only. Rev. Stat. 1883, p. 387, sec. 92.

At common law, an attempt to commit either a felony or a misdemeanor is a misdemeanor. 1 Arch. Crim. Pl. and Pr. 85; 1 Bishop on Crim. Law, sec. 759.

If the theory of the prosecution be conceded, that the effort to furnish tools to a prisoner is an attempt to set him at liberty, it would still be necessary that some part of the act should be consummated, instead of being simply preparatory, as shown by the evidence in this case. The act necessary to consummate the offense of setting at liberty a prisoner could only have been committed by the prisoner himself,—all other acts up to this time were simply preparatory. This beginning not having been executed, leaves all other acts of Jackson and the plaintiffs in error as preparatory, and therefore no indictable offense was committed by them. 2 Bishop on Crim. Proc. 71; *Uhl's case,* 2 Gratt. 706; *McDady* v. *People,* 29 Mich. 50; Bouvier's Law Dic.; Wharton on Crim. Law, 181; *People* v. *Murray,* 14 Cal. 159; *Regina* v. *Williams,* 1 Car. & K. 589; 1 Denison Cr. Cas. 39.

If, as maintained by the plaintiffs in error, the enactment of the statute prohibiting and punishing the conveying of tools, etc., to a prisoner confined in jail, excludes all other modes of

procedure or punishment, the court should have given the instruction refused and modified as asked by counsel for defense.

The court erred in permitting the State's attorney to amend the indictment after the evidence was all in and the arguments of the counsel had been heard by the jury. The defendants had a right to know upon what charge they were being tried, and the State's attorney had no right to change the indictment to suit the necessities of the case, and circumvent the theory of the defense after the case had been tried.

Mr. P. A. PEARCE, State's attorney, for the People:

The defendants procured the saws and employed Jackson to convey them into the jail to Patrick. If so, they are guilty as accessories, and punishable accordingly.

It is claimed by counsel for plaintiffs in error that a conviction can not be sustained, for the reason that the indictment contained, in the first count, a double charge, by stating that the defendants did then and there attempt to set at liberty and rescue. We admit that the words "and rescue" were surplusage, and the indictment would have been complete without those words. A *nolle* was entered as to the words "and rescue," which left the indictment complete in charging the defendants with attempt to set at liberty said Green Patrick. When words occur in an indictment which are not material, such words may be treated as surplusage, and a *nolle* entered as to such words, which was done in this case. 1 Bishop on Crim. Proc. sec. 481.

Exception for duplicity, where the punishment for each offense is the same, goes merely to the form of the count or indictment, and therefore must be made before the trial, by motion to quash the count, by special demurrer, or possibly by a general demurrer, for advantage can not be taken of such defect by motion in arrest of judgment, nor by writ of error. Moore on Crim. Law, secs. 807, 808, and authorities there cited.

No objection was made to the indictment until the evidence
in the case had been heard, and we think it was then too late
to take any exception to the indictment. Suppose a motion to
quash the indictment had been made in due time, for the rea-
son that the indictment contained in the same count two dis-
tinct charges.. Certainly, the State's attorney could then elect
which charge in the count he would go to trial upon.

As we understand, this has always been the practice in crim-
inal pleadings. Inasmuch as the defendants did not desire to
avail themselves of the right they had in requiring the State's
attorney to elect upon which charge he would prosecute them
before the commencement of the trial, they certainly could not
be permitted, after having gone into the trial, to avail them-
selves of any such right that they might have had before the
commencement of the trial.

No amendment was made to the indictment. ˙ Nothing was
added to it in any way. Not a word was erased from it. Noth-
ing was done except a *nolle* as to the words "and rescue."

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

.The plaintiffs in error, Ann Patrick and Mabel King, to-
gether with one Thomas Jackson, were jointly indicted by the
grand jury of White county. The indictment has three counts.
In the first it is charged that the parties named "did then and
there, unlawfully and feloniously, attempt to set at liberty
and rescue one Green Patrick from the common jail of said
White county, the said Green Patrick being then and there
confined in the said jail upon the charge of murdering one
Charles Blue." The second count differs from the first only
. in the form of its phraseology. The third count charges an
. attempt to rescue Green Patrick, so being in jail, etc. Jack-
son pleaded guilty.

Upon the trial of the plaintiffs in error it was proved that
Green Patrick was in the jail of White county on the charge

of having murdered Charles Blue; that plaintiffs in error procured certain saws, knives and a file, and delivered them to Thomas Jackson, with the intention that he should deliver them to Green Patrick; that Jackson then took the saws, knives and file to the jail of White county, in the night time, and attempted to deliver them to Green Patrick, but being discovered by the jailer before he had accomplished his purpose, he was prevented.

After the conclusion of the argument of the case, the State's attorney was allowed by the court to strike out of the indictment the words "and rescue," and to enter a *nolle prosequi* as to the charge of "attempt to rescue." The State's attorney then also entered a *nolle prosequi* as to the second and third counts of the indictment. The State's attorney has no authority to amend an indictment. The statutes allowing amendments do not apply to criminal cases. (2 Hawkins' Pleas of the Crown, 336, b. 2, sec. 97; 1 Bishop on Crim. Proc. sec. 705.) There is nothing in our statute that purports to authorize any one to change or modify the language of an indictment as presented by the grand jury. The plaintiffs in error should therefore have been tried upon the indictment as it was presented by the grand jury, and it was error for the court to allow the State's attorney to strike out of the indictment the words "and rescue," and to require the jury to render a verdict under the indictment as thus amended.

Plaintiffs in error requested the court to instruct the jury as follows:

"That the statutes of the State of Illinois make a distinction between an attempt to set at liberty a person in the custody of an officer, and an attempt to convey tools to a person confined in jail, and that a person indicted for one of such offenses can not be convicted of the other.

"The court instructs the jury, for the defendants, that although you may believe, from the evidence, that the defendants on trial did offer to pay Jackson to take tools to the jail for

Green Patrick, and loaned him money to buy the file testified to, yet you should find them not guilty."

But the court refused to do so, and the exception to this ruling presents the only question discussed in the arguments before us.

The jury, by their verdict, found the plaintiffs in error each "guilty of attempting to set at liberty Green Patrick, in manner and form as charged in the first count of the indictment," and fixed their respective punishments at confinement in the penitentiary for the term of one year, and the payment of a fine of one dollar.

The conviction is claimed to be under section 87 of the Criminal Code, (Rev. Stat. 1874, chap. 38, p. 364,) which reads thus: "Whoever sets at liberty or rescues, or attempts to set at liberty or rescue, a person charged with the commission of any capital offense or crime punishable by imprisonment in the penitentiary, before the conviction of such person, shall be imprisoned in the penitentiary not exceeding five years, and fined not exceeding $1000." The question therefore necessarily arises, what constitutes an "attempt to set at liberty" a prisoner? The statute does not define "an attempt," and we must hence resort to the common law to ascertain what, in a legal sense, is its meaning. Bouvier, in his dictionary, (vol. 1, p. 138,) says: "An attempt to commit a crime is an endeavor to accomplish it, carried beyond mere preparation but falling short of execution of the ultimate design, in any part of it." And Wharton says: "To make the act an indictable attempt, it must be a *cause*, as distinguished from a *condition*." 2 Crim. Law, (7th ed.) sec. 2693. See, also, *People* v. *Murray*, 14 Cal. 159; *Griffith* v. *State*, 26 Ga. 493. Since the mere delivery of the saws, knives and file to Green Patrick, manifestly, could not open any way of escape from the jail, it is plain that there is no relation of cause and effect between that which Jackson tried to do, and that which the indictment

Opinion of the Court.

charges and the jury found was attempted. The saws, knives and file were only implements or tools that might be used in effecting an opening in the jail, and procuring and attempting to deliver them to Green Patrick was therefore simply attempting to prepare for an attempt to make an escape. They were means, or, adopting the language of Wharton, "conditions," in making an attempt to escape.

It is provided by section 92 of our Criminal Code, (Rev. Stat. 1874, chap. 38, p. 365,) that "whoever conveys  *  *  *  into any jail  *  *  *  any instrument, tool, or other thing adapted or useful to aid a prisoner in making his escape, with intent to facilitate the escape of any prisoner,  *  *  *  . shall be punished" as therein provided,—but which is only by confinement in the county jail and by fine. And since, by section 273 of the same code, all attempts to commit offenses prohibited by law are indictable, and punishable by confinement in the county jail and by fine, it would seem clear that the offense here proved is that contemplated by these sections, and not that contemplated by section 87 of the Criminal Code, *supra,* and that the punishment should not have been by confinement in the penitentiary, but by confinement in the county jail and fine, only. The circuit court therefore erred in refusing to give the instructions asked, and also in overruling the motion for a new trial.

The judgment is reversed, and the cause remanded to the court below for further proceedings in conformity with this opinion.

*Judgment reversed.*