[No. 344. *En Banc.* June 24, 1925.]

## *In the Matter of the Proceedings for the Disbarment of* LOUIS WINTHROP.[1]

ATTORNEY AND CLIENT (8-3)—DISBARMENT—PROCEEDINGS—REVIEW —HARMLESS ERROR. It is discretionary for the state board of law examiners to allow, at a disbarment hearing, the addition of a new charge against the accused, where .time was given to meet it.

SAME (7)— GROUNDS FOR SUSPENSION — EVIDENCE — SUFFICIENCY. Recommendations of the state board that an attorney be suspended for one year, for unethical conduct in soliciting business in the police court, will be approved, where it appears that in many cases he interviewed arrested persons who were strangers to him and offered, for a stated consideration, to put up cash bail and attend to the trial of the case.

Proceedings filed in the supreme court September 13, 1924, for the disbarment of an attorney, upon findings of the state board of law examiners against the accused. Judgment of suspension.

*Ernest B. Herald, Tucker, Hyland & Elvidge,* and *John F. Dore,* for accused.

*The Attorney General* and *R. G. Sharpe, Assistant,* for the state.

MITCHELL, J. — This is a disbarment proceeding against Louis Winthrop. By the complaint, he was charged with eight specific instances of unethical conduct in soliciting persons to employ him as an attorney at law. At the hearing before the state board of law examiners, two of the transactions mentioned in the complaint were abandoned, and at the same time an additional or new one was added. Upon the evidence produced, the board has made and filed its findings and recommendation, together with a transcript of the evidence, as required by statute. The findings are against the respondent and the recommendation is that he be

[1]Reported in 237 Pac. 3.

suspended for one year. The cause has been presented to us by attorneys for the respective sides, upon the record, including objections to the findings and recommendation of the board.

One objection urged is that it was improper to allow, over the objection of the respondent, the introduction of the new cause of complaint at the time of hearing before the board. The additional cause was similar in kind to the others, and at the time it was proposed, the suggestion or offer was made that time would be granted respondent to meet the charge if needed. The matter was within the power and discretion of the board. It can receive and act upon a complaint against an attorney at any time to the extent and for the purposes provided in the law. The board only acts upon the charges in the taking of the testimony and making its report to this court which exercises the power to disbar or suspend. Both inherently and under § 139-18, Rem. Comp. Stat. [P. C. § 170], which provides that "the supreme court shall render such judgment as the facts warrant or may remand the case to the board for further investigation and consideration," we would in fairness, upon a request and showing therefor on the part of the defendant, send a case back for further hearing. But neither before the board nor here has the respondent made any request or asked for additional time, but, on the contrary, met the state's proof on this additional cause by the testimony of himself and other witnesses called by him. We think there was no error or prejudice in the course pursued by the board in this respect.

An examination of the evidence satisfies us that the findings of the board are justified. The transactions complained of grew out of practice in the police court of Seattle. Of the instances mentioned in the complaint there is evidence to show that very promptly

after one was arrested and put in the city jail, whether in the daytime or at night, whether the person knew or had ever heard of the respondent or not, the respondent promptly appeared and, if unacquainted, presented his card, saying that he was a lawyer, and sometimes asking how much money the prisoner had, would say that, for a stated consideration, he would furnish cash bail at once and attend to the trial of the case when it came up in the police court. The offer would be accepted, the respondent would put up cash bail and the prisoner be liberated. It appears that generally thereafter and within a few days a bail bond would be substituted for the cash, which would be taken down by the respondent. It seems that in each of a few instances the person arrested requested the respondent to come to the city jail. Of the conversations had with the respondent by his clients with reference to his services much of it is disputed by him, but we think, as did the board, that the weight of the evidence is against him. It appears that between June 28, 1923, and September 15, 1924, he put up cash bail for prisoners in the city jail in 304 cases. While on the witness stand he admitted there were only five .to ten of such cases in which he had not represented the defendant at his trial, and further, that the furnishing of bail was to some extent an inducement to his being employed as attorney.

Section 139-14, Rem. Comp. Stat. [P. C. § 166], says:

"An attorney or counselor may be disbarred or suspended for any of the following causes arising after his admission to practice: . . . 11. Violation of the ethics of the profession."

Section 139-15, Rem. Comp. Stat. [P. C. § 167], says:

"The code of ethics of the American Bar Association shall be the standard of ethics for the members of the bar of this state."

The 27th canon of the code of ethics of the American Bar Association provides, among other things:

"But solicitation of business by circulars, or advertisements, or by personal communications or interviews, not warranted by personal relations, is unprofessional."

In this case there is no dispute that the respondent personally interviewed prospective clients without any warrant by personal relations. Suddenly imprisoned, when, as several of the witnesses said, the immediate and principal thing was to get out, the offer of the respondent, upon stating that he was an attorney, that he would furnish cash bail for them—lend them money, in legal effect—and represent them at their trial, for stated considerations, was "to ask from with earnestness; to make petition to; . . . to endeavor to obtain; . . . to awake or excite to action; to appeal to; to invite." This, according to Mr. Webster, is to solicit. Such conduct is covered by our statute, and engaging in it is violative of the oath of an attorney.

The recommendation of the state board of law examiners must be and it is approved. It is ordered that the respondent, Louis Winthrop, be and he is hereby suspended from the practice of law in this state for one year from and after the effective date of this order.

TOLMAN, C. J., MAIN, FULLERTON, HOLCOMB, ASKREN, and BRIDGES, JJ., concur.