(Nos. 27223, 27224.—Judgments affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff in Error, *vs.* MARY RICE, Defendant in Error.—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff in Error, *vs.* MYRA ARD, Defendant in Error.

*Opinion filed September 24, 1943.*

GEORGE F. BARRETT, Attorney General, (JOHN J. BRESEE, State's Attorney, of counsel,) for the People.

A. E. CAMPBELL, for defendant in error Mary Rice.

Mr. JUSTICE STONE delivered the opinion of the court:

The People seek reversal of the judgments of the county court of Champaign county quashing and dismissing certain indictments against defendant in error Mary Rice in No. 27223, and against Myra Ard in No. 27224. The indictments in the two cases are identical except as to the

name of the defendant. The causes have been consolidated in this court for opinion. The causes come directly to this court because a constitutional question is involved.

Each indictment charges the respective defendant named therein with the offense of soliciting for prostitution. The indictment against Mary Rice consisted of three counts; that against Myra Ard two. The first count in each indictment charged the defendant with lewdly soliciting sexual intercourse and prostitution "upon the public streets or other place of the City of Champaign." The second count charged that she, being a female person, did lewdly and unlawfully solicit for prostitution two named individuals "in a building within the city of Champaign, Illinois." The third count in the indictment against Mary Rice was the same as the second count except it named one man as having been solicited. The charges were based upon the provisions of a part of section 57a-1 of division I of the Criminal Code.

Defendants filed separate motions to quash the indictment and each count thereof, on the ground that it was insufficient to charge a crime and to advise the accused of the charge she had to meet, or to furnish any protection from further prosecution for the same supposed offense. Section 57a-1 of division I of the Criminal Code was attacked on the ground that it contravenes section 22 of article IV of our constitution. The court allowed the motion to quash, holding the act unconstitutional. The validity of the statute and the sufficiency of the indictments are questions presented here.

Section 57a-1 of division I of the Criminal Code (Ill. Rev. Stat. 1941, chap. 38, par. 163,) reads as follows: "Any male or female person who is an inmate of a house of ill-fame or assignation, or place for the practice of fornication or prostitution or lewdness, or who shall solicit to prostitution in any street, alley, park or other place in any city, village, or incorporated town in this State, shall

be fined not exceeding two hundred dollars, or imprisoned in the county jail or house of correction for a period of not more than one year, or both."

As we have seen, the first count of each indictment charged the accused with soliciting sexual intercourse and prostitution upon the public streets and other place in the city of Champaign, and defendants in error's counsel say of counts one that they are not sufficient to furnish the accused with protection against a second indictment for the same offense, or to enable them to prepare a defense thereto. Plaintiff in error, on the other hand, insists that the statutes provide that every indictment shall be deemed sufficiently technical which states the offense in the terms and language of the statute creating the offense, or so plainly that the nature of the offense may be easily understood by the jury, and that no motion in arrest of judgment, or writ of error, will be sustained for any matter not affecting the real merits of the offense charged in the indictment, (Ill. Rev. Stat. 1941, chap. 38, pars. 716, 719,) and that counts one meet such requirements. Defendants in error, however, contend that as the statute under which the indictments were drawn merely names "solicitation," without defining the term, and since this court has never defined it, it was incumbent on the People to describe fully the offense.

The rule is that where the words of a statute fully, directly and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished, an indictment for a mere statutory offense must be framed upon the statute, and that fact must distinctly appear upon the face of the indictment. It sometimes happens that the language of the statute creating a new offense does not describe the act or acts constituting such offense. In such a case the pleader is bound to set them forth specifically. This elementary rule is laid down in all standard works on crim-

inal law, and is fully recognized by this court. *People v. Green*, 368 Ill. 242; *Johnson v. People*, 113 Ill. 99; 1 Wharton on Criminal Law, secs. 164-372.

The indictments charge that the accused did "solicit to prostitution" or "for prostitution." Webster's International Dictionary defines "solicit" as, "To make petition to; to entreat; importune; * * * to endeavor to obtain by asking or pleading; to insist upon; to plead for; * * * to tempt (a person); to lure on, especially into evil," and specifically gives, as an example, the act of a street-walker offering herself to a man for lewd intercourse. "Prostitution" is defined as "common and venal lewdness among a class of women." The definitions of "solicit" and "prostitution" are so well and universally understood as to require no further definition in the statute or charge to set forth the elements necessary to constitute the offense intended to be punished. Defendants in error's contention that the language of the statute is not broad enough to apprise them of the particular offense charged is without merit.

Further considering the sufficiency of the separate counts of the indictments, it will be noted that each count one alleges solicitation to prostitution "upon the public streets or other place of the City of Champaign." It does not allege the name of a person or persons solicited nor describe the streets or place. The rule is well settled that an indictment for a statutory offense, especially when the offense is a misdemeanor, charging the facts constituting the crime in the words of the statute, and containing averments as to time, place, persons and other circumstances to identify the particular act charged, is good as a pleading and justifies putting the defendant on trial. Wharton on Criminal Law, sec. 364; 14 R. C. L. sec. 33, p. 187; *People v. West*, 106 N. Y. 293, 12 N. E. 610.

Section 9 of the Bill of Rights provides that in all criminal prosecutions the accused shall have the right to

demand the nature and cause of the accusation against him. The purpose of this guaranty is to secure to him such specific designation of the offense laid to his charge as will enable him to prepare fully his defense and to plead the judgment in bar of a subsequent prosecution for the same offense. (*People* v. *Barnes,* 314 Ill. 140; *People* v. *Covitz,* 262 Ill. 514; *People* v. *Clark,* 256 Ill. 14.) The first count of each of these indictments does not name the person solicited nor designate the place of such solicitation with sufficient certainty to enable the accused to prepare a defense or to plead judgment thereon as a bar to further prosecution for the same offense. The trial court did not err in quashing the first count of the indictments.

The second and third counts in No. 27223 and the second count in No. 27224 designated the persons solicited and the place as "in a building within the City of Champaign," without designating or describing such building. The general rule requires, in addition to the words of the statute, that the indictment specify the time, place and person, and other circumstances to identify the particular transaction. The statute does not specify building as a scene of the offense other than by the designation "other place." Could these defendants plead a judgment entered on those counts in bar of another prosecution on the same charge? Suppose the evidence of the People showed such solicitation to have taken place in the corridors of the court house, could a judgment of not guilty be shown in defense of the prosecution of the same offense when the indictment alleges the solicitation to have taken place in a certain grocery store? We think not. The necessity for reasonable description of the place or building is not for the purpose of pleading evidence, which is not required, but to so designate the place as to afford the accused the rights guaranteed under section 9 of the Bill of Rights.

The indictments in this case do not contain sufficient designation of the place where the solicitation allegedly

took place to identify the particular transaction; nor can it be said that such an indefinite designation of place is sufficient to enable the accused to plead a judgment of conviction thereunder. Our conclusion is that no count of either indictment is sufficient as a pleading to so advise the accused of the charge against them as to enable them to prepare a defense or to plead a conviction as a bar to a subsequent prosecution; therefore the trial court did not err in quashing the indictment in each case.

This holding renders it unnecessary to pass upon the constitutional question raised. The judgments of the county court are affirmed.

*Judgments affirmed.*