## People of State of Illinois, Defendant in Error, v. Marie Clark, Plaintiff in Error.

### Gen. No. 46,228.

Opinion
filed January 20, 1954. Rehearing denied and opinion modified February 25, 1954. Released for publication February 25, 1954.

BERNARD B. BRODY, of Chicago, for plaintiff in error.

JOHN GUTKNECHT, State's Attorney, of Chicago, for defendant in error; JOHN T. GALLAGHER, RUDOLPH L. JANEGA, ARTHUR F. MANNING, and ALBERT ZEMEL, Assistant State's Attorneys, all of Chicago, of counsel.

MR. JUSTICE KILEY delivered the opinion of the court.

This is a writ of error to review a judgment upon a verdict finding defendant guilty of the offense of soliciting to prostitution in violation of chap. 38, par. 163, Ill. Rev. Stat. (1953) [Jones Ill. Stats. Ann. 37.129].

The information charged that on December 16, 1952 defendant "Did then and there willfully and unlawfully solicit to prostitution in a certain place to-wit; Post Time Tavern 357 N. Clark St. in the City of Chicago . . ."

At the close of the State's case, defendant made a motion for directed verdict, challenging, among other things, the sufficiency of the information. The only proper purpose of the motion was to present a question of law, whether there was any evidence tending to prove the elements of the offense charged. It was not a proper function of this motion to raise questions of sufficiency of the information. If the information was fatally defective there was no offense charged upon which the jury could make a finding. The motion for directed verdict was made again at the close of the evidence, again challenging the sufficiency of the information. After verdict, the information was challenged by motion in arrest of judgment. The several motions were denied.

The information recites that the judge examined the complaining witness and heard evidence before

252

giving leave to file the information. The testimony shows that a facsimile of the judge's signature was stamped on the information. Defendant contends the endorsement was insufficient because it was not written by the judge. If there is merit to the contention, and we do not decide whether it has merit, we think defendant waived the objection by going to trial on the information.

There was a serious defect in the information as originally drawn. It did not specify a person alleged to have been solicited to prostitution. *People v. Rice,* 383 Ill. 584. The information was amended after the evidence was in by inserting the word "him" after the word "solicit." The word "him" referred to the complaining witness whose name appeared in the information.

In the *Rice* case the indictment was quashed on the defendant's motion before plea. Here defendant made no motion to quash. Defendant went to trial and sought to attack the information by the motion to direct a verdict. When asked by the court why no motion to quash was made, defendant's attorney said: "If I had moved to quash before the State had put in its case, they might amend. The State has rested and can no longer amend."

Defendant misconceived the law with respect to the amendment of the information. The rule is that informations have always been amendable at common law the same as declarations, but that indictments are amendable only by grand juries. *Truitt v. People,* 88 Ill. 518; *Long v. People,* 135 Ill. 435; *People v. Wancoski,* 209 Ill. App. 47. We think that the information was amendable at the trial by adding the word "him."

*People v. Rice,* 383 Ill. 584, is not authority to support defendant because in the instant case there was no motion to quash. The reason given by defendant's attorney why a motion was not made indicates a strata-

gem. At the trial defendant made no claim that she was taken by surprise, or otherwise put to disadvantage by the amendment. No motion was made based on a claim of surprise or need of time to prepare to meet the amendment. The record does not justify an inference of prejudice because of the amendment.

 We find no prejudicial error in the conduct of the trial. The trial court properly denied the motion for directed verdict because there was evidence tending to prove the offense. The motion in arrest of judgment was also properly denied because the amendment supplied the deficiency at which this motion was directed.

 We have read the testimony and are of the opinion that the evidence in the record leaves no reasonable doubt of the defendant's guilt. The jury was justified in finding that the complaining witness was approached by defendant in the tavern; that she asked him to buy her a drink; that she said that after her show she would be free to go to his hotel or "her place for a little party"; that this would cost him nothing "but you will have to buy me a few drinks at the bar"; that defendant said that "she liked her sex too"; that the complaining witness had one bottle of beer and the bartender filled defendant's "shot glass" with wine 35 times; that she drank two of the glasses of wine but the balance she poured in a bottle which the bartender emptied; that each drink cost 85 cents and when paid for with a dollar bill, defendant would "push" the 15 cents change back to the bartender for a tip; that the complaining witness gave the bartender a ten dollar bill which was kept and expended by the bartender repeatedly pouring out wine into three glasses; that finally defendant told the bartender to "check her out" and the bartender wrote something on a tab; that the drinks were poured "pretty fast," the complaining witness paid for them "automatically" and when he objected, defendant said, "My number is going on any

minute now, and when I am finished I will go out with you"; and that when he left she was still at the bar.

 We see no prejudicial error in the court's ruling upon objections to testimony. Standing alone the words used by defendant may not have amounted to the solicitation alleged. The nature of the case, however, required considerable latitude in presenting a context in which the words and conduct of defendant could be assessed.

For the reasons given the judgment is affirmed.

*Judgment affirmed.*

FEINBERG, P. J. and LEWE, J., concur.