People of the State of Illinois, Plaintiff-Appellant, v. Clarence L. Hall and Kenneth B. Gibson, Defendants. Clarence L. Hall, Defendant-Appellee.

Gen. No. 10,567.

Fourth District.

December 17, 1964.

Rehearing denied March 8, 1965.

Robert J. Waaler, State's Attorney, of Urbana (Jack Waaler and James L. Hafele, Assistant State's Attorneys, of counsel), for appellant.

Mort A. Segall, of Champaign, for appellee.

SMITH, J.

The People appeal from an order of the circuit court of Champaign County dismissing an indictment charging possession of burglar tools and from an order denying the state's attorney's motion for leave to amend the indictment by correctly stating the section of the Criminal Code alleged to have been violated.

Omitting formal portions, the indictment reads as follows:

". . . committed the offense of POSSESSION OF BURGLARY TOOLS in that they, the said Clarence L. Hall and Kenneth B. Gibson with intent to enter a certain building, to-wit: Men's Old Gymnasium, property of The Board of Trustees of The University of Illinois, a public corporation of the State of Illinois, located at the Northeast corner of Springfield and Wright in Urbana, Illinois, with intent to commit therein a theft, did possess certain keys, tools, instruments, and devices suitable for use in breaking into depositories designed for safe keeping of property, in violation of Section 9-2 of the Criminal Code of 1961 . . ."

Section 9–2 of the Criminal Code relates to voluntary manslaughter. Section 19–2 relates to possession of burglar tools. While it is a bit of a strain on our credulity to believe that either the defendant or his attorney were misled by this indictment into believing that voluntary manslaughter was the charge, this observation does not solve our problem.

██ Our Code of Criminal Procedure, § 111–3 (Ill Rev Stats 1961, c 38, § 111–3) reads as follows:

"(a) A charge shall be in writing and allege the commission of an offense by:

(1) Stating the name of the offense;
(2) Citing the statutory provision alleged to have been violated;
(3) Setting forth the nature and elements of the offense charged;
(4) Stating the time and place of the offense as definitely as can be done; and
(5) Stating the name of the accused, if known, and if not known, designate the accused by any name or description by which he can be identified with reasonable certainty."

It is the position of the People that this statute is directory only and not mandatory and that the legislature set up these five guideposts to help the prosecutor stay on the path towards allowing the accused to understand the nature of the charge, but is not the path itself. With this position, we cannot agree. As defined by § 102–8 of the Code (Ill Rev Stats 1961, c 38, § 102–8) a " 'charge' means a written statement presented to a court accusing a person of the commission of an offense . . ." To reach this goal the People must follow the path outlined and delineated by the legislature. It is neither for this court nor for the People to say that another and a different path

is sufficient or adequate to inform the accused of the nature and the cause of the accusation against him as the Constitution requires. (Ill Const Art II, Par 9.) It is neither for this court nor the People to dispense with any one of these five procedural requirements at pleasure. They are not pleading technicalities designed to confound the unwary, but simple procedural elements to inform the accused of the charge.

When the motion to dismiss the indictment was filed the People moved to amend the indictment to correctly cite the statute by substituting Section 19–2 of the Criminal Code of 1961 relating to possession of burglar tools for Section 9–2 of the Code relating to manslaughter. The motion was based on Par 111–5 of the Code (Ill Rev Stats 1963, c 38, § 111–5) which reads in part as follows:

> "An indictment, information or complaint which charges the commission of an offense in accordance with Section 111–3 of this Code shall not be dismissed and may be amended on motion by the State's Attorney or defendant at any time because of formal defects, including:
>
> > (a) Any miswriting, misspelling or grammatical error . . ."

The trial court denied the motion and in our judgment, this was error.

Since an indictment is the utterance of the grand jury, the view has prevailed since 1890 that an indictment is not subject to amendment by the court, but the indictment must be returned to the grand jury as the only forum for correction or amendment. Patrick v. People, 132 Ill 529, 24 NE 619. It is readily apparent that 111–5 is a commendable legislative effort to break away from this ritualistic formalism where formal as distinguished from substantive defects are

258

involved. It is equally apparent that the grand jury intended to charge this defendant with possession of burglar tools. The indictment says so in so many words. The facts alleged are the essence of that charge as set forth in the statute. It is readily apparent that a typographical error alone distinguishes what the grand jury did with what they manifestly thought they did. It is pure sophistry either to assert or to believe that this typographical error misled the defendant or his attorney as to the nature or the cause of charge laid at his door.

It is worthy of note that 111–5 authorizes an amendment on motion of either the state's attorney or defendant at any time because of formal defects and then uses the word "including" and lists such defects in subparagraphs (a), (b), (c), (d), (e), and (f). The clear implication of the use of the word "including" is that it should be read as "including but not limited to." This view is borne out by the committee comments on this section when they say: "Thus, this section is designed to illustrate the defects that are considered formal and to provide for amendment by motion rather than by a return to the grand jury in the cases of indictments."

It is our view that the incorrect citation of the statute in the record before us is a formal rather than a substantive defect, that to permit the amendment deprives the defendant of no constitutional, statutory or fundamental human rights and that to permit the amendment in this case is to give practical effect to at least one of the announced purposes of the Code of Criminal Procedure to . . . "(b) Ensure fairness of administration including the elimination of unjustifiable delay . . ." (Ill Rev Stats 1963, § 101–1).

Accordingly, the judgment of the circuit court of Champaign County is reversed and this cause is re-

manded to that court with direction to allow the motion of the state's attorney to amend, to deny the motion to dismiss and to proceed in due form of law.

Reversed and remanded.

DOVE and SPIVEY, JJ., concur.