People of the State of Illinois, Plaintiff-Appellee, v.
Thomas Parr, Defendant-Appellant.
Village of Midlothian, Illinois, Plaintiff-Appellee, v.
Thomas Parr, Defendant-Appellant.

Gen. No. 53,933.

First District, Fourth Division.

October 7, 1970.

Henry A. Gentile, of Blue Island, for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Arthur L. Belkind, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE DRUCKER delivered the opinion of the court.

Defendant appeals from judgments entered after a bench trial on findings of guilty in five separate offenses.[1] On November 4, 1968, the trial judge revoked a prior order of July 1, 1968, which placed defendant on supervision, and entered his finding of guilty on each offense. Defendant was sentenced to serve ninety days in the House of Correction on the reckless driving charge and fined a total of $245 plus costs on the other charges.

A short summary of the events culminating in the judgments follows. On April 22, 1968, defendant received

---

[1] Reckless Driving
Drinking Alcoholic Liquor by a Minor
Disorderly Conduct
Speeding
Operating an Automobile Which Emits Unusual Noises

a traffic ticket for "Muffler or Mtr. Vehicle Making Unusual Noise" in violation of a Village of Midlothian local ordinance. On the same day, Lois A. Meter swore out a complaint against defendant for "Reckless Driving" in violation of Ill Rev Stats 1967, c 95½, § 145. Three days later on April 25, 1968, the defendant received another traffic ticket in Midlothian for speeding. On May 1, 1968, verified complaints were filed against the defendant for the offenses of "Minor Drinking Alcoholic Liquor" in violation of Ill Rev Stats 1967, c 43, § 134, and "Disorderly Conduct" in violation of a Village of Midlothian local ordinance.

Subsequently, on July 1, 1968, all five actions against the defendant were brought before the trial court. Substantially the same order was entered in each case. The orders recite that defendant pleaded not guilty; that defendant was duly advised by the court of his right to a jury trial; that defendant waived a trial by jury and agreed to a bench trial; that the defendant was placed under court supervision for a period of six months; and that the cases were continued to January 6, 1969.

On November 4, 1968, on a motion to advance for violation of supervision, the trial court held a hearing, after which it terminated defendant's supervision and entered its finding of guilty on each of the five offenses and entered the sentence and fines hereinabove set forth.

On December 13, 1968, the trial court denied defendant's motions for a new hearing on the violation of supervision, for a new trial, and to arrest judgment.

Pursuant to a motion made by the State to correct the record, the trial court on January 19, 1970, granted the State's motion to show that the common-law records pertaining to the five aforementioned offenses indicate and reflect that evidence was taken and heard by the trial court on July 1, 1968.

On the same day, the State also filed an Amendment of Record Pursuant to Supreme Court Rule 329 which sought to relate the proceedings of July 1, 1968. The trial court approved the amendment of record. We granted leave to file the proposed amendment in this court but have since reconsidered and order it stricken

since the proposed amendment is not a material omission or inaccuracy provided for in Supreme Court Rule 329. See People v. Miller, 365 Ill 56, 58–59, 5 NE2d 458. The proposed amendment is, in fact, a Report of Proceedings, and as such it does not comply with Supreme Court Rule 323(c) which provides the method for settling such a report when no verbatim transcript is available. This method was not followed in the instant case. In addition, the Rule provides that any party, other than the appellant may file such a proposed report of proceedings within twenty-one days after the notice of appeal is filed. In the instant case the proposed report of proceedings offered by the State was not filed until one year after the notice of appeal.

Opinion

■■ Defendant has not furnished this court with a report of proceedings of the trial held on July 1, 1968, although the common-law record shows that evidence was heard and considered by the trial judge. While defendant admits that there were proceedings conducted by the trial court on July 1, 1968, he still maintains that no "evidence" was heard in the trial court. However, on appeal, the record is our only available source of information of what happened in the court below. People v. Berkowski, 385 Ill 392, 52 NE2d 710. As this court stated in Village of Midlothian v. Walling, 118 Ill App2d 358, 361, 255 NE2d 23:

> We must rely upon the record "which imports verity and is unimpeachable evidence of the proceedings in the lower court." People v. Clark, 30 Ill2d 67, 73, 195 NE2d 157. See, also, People v. Day, 404 Ill 268, 271, 88 NE2d 727; and People v. Berkowski, 385 Ill 392, 393–394, 52 NE2d 710.

We also note that at the conclusion of the proceedings conducted on July 1st the defendant agreed to supervision. At the hearing on defendant's violation of supervision held on November 4, 1968, defendant's attorney stated:

> We agreed that Mr. Thomas Parr (defendant) would be placed on supervision and no Order was entered

as a finding of guilty that date. No order except continue the case for six months until January sometime.

Defendant has characterized "supervision" as an effective and useful extrastatutory tool in the administration of justice. Defendant states that he "understands the mechanism to include a waiver of the right to a speedy trial in return for a delay in the proceedings long enough to allow reconsideration of the advisability of going on with the prosecution. Defendant can even accept the propriety of requiring a jury waiver under the circumstances. . . . In these cases the Court may simply continue the case for a substantial period of time during which Defendant's behavior will be scrutinized and after which the State may decide whether to prosecute."

We cannot agree with defendant's characterization of supervision for if no evidence was heard, the trial court would be assuming the right to punish, or at least give corrective treatment to someone who had not been proven guilty of any offense. Rather, supervision as practiced in cases dealing with minors has been used as a mechanism after a trial where the proffered evidence shows that the defendant is guilty of the offense charged. The entry of the finding of guilty by the trial court is then delayed with defendant's consent and he is placed on supervision for a specific period of time.

When a trial court places a minor on supervision, it is with the hope of rehabilitating him. If at the termination of the supervision period, there is reason to believe that the defendant has been rehabilitated, the finding of guilty is not entered and the defendant is discharged, for the purpose of supervision is to save the minor a criminal record. However, if the court is advised at any time during the period of supervision of activities which demonstrate a defendant's misbehavior or lack of cooperation with an appointed supervisory agency, the court may then enter its finding of guilty on the date for which supervision was to terminate or at any time prior thereto.

As heretofore stated, the principle of supervision is predicated on a trial or on a stipulation of facts between the parties which show a defendant to be guilty of

the offense charged. In the instant case, the record shows that evidence was heard July 1, 1968. The trial judge found, in effect, that there was sufficient evidence presented to warrant findings of guilty but delayed entry of these findings by placing defendant on supervision for six months in the hope of rehabilitating him. The court would have had no right to place defendant on supervision unless the evidence heard on July 1, 1968, showed that the defendant was guilty of the offenses as charged.

In November 4, 1968, each of the five causes against the defendant was advanced for violation of supervision. At this time the trial court heard witnesses who testified to the various activities of the defendant. This testimony formed the grounds for the revocation of supervision. Defense counsel was afforded the opportunity to cross-examine the witnesses called by the State, and he exercised this right with each witness. The evidence presented to the trial court showed that the defendant, after July 1, 1968, was seen speeding his car on several different occasions; was stopped by the police for making an illegal right turn; drove his car through the lot of the Largent's Rest Home, making an unbearable amount of noise; drove his car without a muffler; held an all-night party in a garage with bottles breaking; made late night noises working on his hotrod; and was involved in an automobile accident on September 6, 1968. Based on this evidence, the trial court terminated defendant's supervision and entered its delayed finding of guilty on each of the five charges against defendant as to which evidence had been heard on July 1, 1968.

■ ■ We find that the trial court followed the correct and proper procedure for placing defendant on supervision as well as the later termination of this supervision period and entering the findings of guilty.

Defendant also contends that the complaint filed against him for reckless driving was defective and void. The original complaint charged that:

> Lois Meter complainant, now appears before The Circuit Court of Cook County and in the name and

by the authority of the People of the State of Illinois states that Thomas Parr (defendant) has, on or about 4–22–68 at 14710 S. Kostner Ave. committed the offense of Reckless Driving in that he knowingly, intentionally and with legal justification did drive North on Kostner Ave and then East on 147th Street at a high rate of speed and spinning his wheels in such a reckless manner so as to alarm and disturb the complainant with regards to the safety of the children on the street in violation of Chapter 99½ Section 48 ILLINOIS REVISED STATUTE AND AGAINST THE PEACE AND DIGNITY OF THE PEOPLE OF THE STATE OF ILLINOIS.

The Code of Criminal Law and Procedure, Ill Rev Stats 1967, c 38, § 111–3(a) provides:

Form of Charge.
(a) A charge shall be in writing and allege the commission of an offense by:

(1) Stating the name of the offense;
(2) Citing the statutory provision alleged to have been violated;
(3) Setting forth the nature and elements of the offense charged;
(4) Stating the date and county of the offense as definitely as can be done; and
(5) Stating the name of the accused, if known, and if not known, designate the accused by any name or description by which he can be identified with reasonable certainty.

The complaint in the instant case was in writing, stated the name of the offense, cited a statutory provision alleged to have been violated, set forth the nature and elements of the offense, stated the time and place of the offense, and stated the name of the accused.

■ Defendant argues that the complaint is void since the wrong statutory citation is given, chapter 99½, § 48, instead of chapter 95½, § 145, and because he was charged with having committed the offense "with legal justification." We are of the opinion that the miswriting

of the statute citation is a formal rather than a substantive defect in the complaint, and that the error did not violate defendant's constitutional right to be apprised of the nature of the charge against him. People v. Hall, 55 Ill App2d 255, 204 NE2d 473, and People v. West, 128 Ill App2d 63, 262 NE2d 323.

 Furthermore, the miswriting of the term "with" instead of "without" in relation to "lawful justification" is also a formal defect, whether the error is considered typographical or a clerical oversight, and did not mislead the defendant as to the nature of the charge against him.

Pursuant to Ill Rev Stats 1967, c 38, § 111-5(a) [2] the State has moved to amend the original complaint for reckless driving. Since we have found that the aforementioned errors were formal defects of miswriting, the State's motion to amend is granted. The amended complaint reads:

> That Thomas Parr has, on or about 4/22/68, at 14710 South Kostner Avenue committed the offense of Reckless Driving in that he knowingly and intentionally and without legal justification did drive north of Kostner Avenue and then east on 147th Street at a high rate of speed and spinning his wheels in such a reckless manner so as to alarm and disturb the complainant with regard to the safety of the children on the street. In violation of Chapter 95½, Section 145, Paragraph 48, Illinois Revised Statutes, 1967, and against the peace and dignity of the People of the State of Illinois.

[11] The defendant next argues that the complaint is void because it fails to allege the requisite mental state required under the reckless driving statute. Ill Rev Stats 1967, c 95½, § 145. This statute provides:

> Reckless driving. (a) Any person who drives any vehicle with a willful or wanton disregard for the

---

[2] Formal Defects in a Charge.) An indictment, information or complaint which charges the commission of an offense in accordance with section 111-3 of this Code shall not be dismissed and may be amended on motion by the State's Attorney or defendant at any time because of formal defects, including:

(a) Any miswriting, misspelling or grammatical error;

safety of persons or property is guilty of reckless driving.

The mental state averred in the instant complaint is "knowingly, intentionally." The Code of Criminal Law and Procedure, Ill Rev Stats 1967, c 38, § 4–5 (b), provides that conduct performed "knowingly" is performed wilfully. Further, in People v. Williams, 79 Ill App2d 56, 60, 222 NE2d 915, the court discusses the use of the words "knowingly" and "intentionally":

> Without attempting to exhaust all authorities, the terms "willful" or "willful misrepresentation" have a similar well accepted meaning and have been defined under other statutes in many decisions as synonymous with "intentionally," "designedly," "knowingly" and "without lawful excuse."

We find that the reckless driving complaint alleges the requisite mental state.

Defendant also claims that the court erred in denying his motion in arrest of judgment in the reckless driving charge. A motion in arrest of judgment made pursuant to Ill Rev Stats 1967, c 38, § 116–2, is limited in scope as to whether the complaint states an offense or whether the court has jurisdiction of the cause. A post-trial motion in arrest of judgment for failure to state an offense will be allowed only where the defect in the complaint relates to the noncompliance with Ill Rev Stats 1967, c 38, § 111–3, which requires a description of the nature and elements of the offense. People v. Patrick, 75 Ill App2d 93, 220 NE2d 243, affd 38 Ill2d 255, 230 NE2d 843. Since we have already held that the instant complaint sufficiently described the nature and elements of the offense of reckless driving, we find that the trial court properly denied defendant's motion in arrest of judgment.

Defendant also argues that even if we affirm the findings of guilty against him, the cause should be remanded for the trial court's failure to hold a hearing in aggravation and mitigation. The burden of presenting mitigating circumstances and making a substantial showing of evidence in mitigation rests upon the defendant and his failure to request such a hearing constitutes a

waiver thereof. People v. Fuca, 43 Ill2d 182, 251 NE2d 239; People v. Nelson, 41 Ill2d 364, 243 NE2d 225; and People v. Riso, 129 Ill App2d 356, 264 NE2d 366. In the instant case, defendant's failure to request a hearing in mitigation constituted a waiver of his right to present any mitigating evidence.

▉ Defendant's final contention is that his sentence for reckless driving was excessive. A person convicted of reckless driving for the first time shall be punished by imprisonment for a period of five to ninety days or by a fine of $25 to $500, or both. Ill Rev Stats 1967, c 95½, § 145(b). In the instant case, the trial court sentenced the defendant, aged nineteen, to the maximum prison term of ninety days. After reviewing the nature of the charge and all the circumstances surrounding the entry of the judgment, we conclude that the sentence of ninety days is not warranted. The finding of guilty on the reckless driving charge is affirmed; however, pursuant to Supreme Court Rule 615 defendant's sentence on this charge is modified to the payment of a fine of $200 and costs.

We also affirm the judgments entered on the other four charges.

Affirmed as modified.

ENGLISH and LEIGHTON, JJ., concur.