QUESTION: Does s. 104.36, F. S., prohibit an elector from wearing a political campaign button when he goes to the polls to vote?
SUMMARY: Section 104.36, F. S., does not prohibit an elector from wearing a political campaign button when he goes to the polls to vote. The pertinent portion of the statute about which you inquire reads: On the day of any election it shall be unlawful for any person to distribute any political pamphlets, cards or literature of any kind, or solicit votes, or approach any elector in an attempt to solicit votes within 100 yards of any polling place. I recently noted in AGO 076-44 that s. 104.36, F. S., prohibits only three specific activities within the 100-yard zone; namely: "[T]he solicitation of votes, the attempted solicitation of votes, and the distribution of `any political pamphlets, cards or literature of any kind.'" And in AGO 073-377, I stated: Section 104.36, F. S., is a penal or criminal law and as such it is to be strictly construed. The only specified prohibited activities within 100 yards of any polling place are the distribution of political pamphlets, cards, or political literature of any kind and the solicitation of votes or attempts to solicit votes. From the language used in s. 104.36, it is impossible for anyone to consider that the legislature intended to imply that any other activity within the 100 yard area should also be prohibited. Except for the specifically enumerated activities, all other implied activities are excluded under the legal doctrine expressio unius est exclusio alterius, and it would be impossible to apply the provisions of s. 104.36, supra, against an individual participating in activities not otherwise prohibited within 300 feet of a polling place, but beyond 15 feet therefrom. The act of an elector going to and from a polling place while wearing a campaign button is clearly not a distribution of "any political pamphlets, cards or literature." Accordingly, such conduct is prohibited by s. 104.36, F. S., only if it constitutes a solicitation of votes or an attempt to solicit votes. I am not aware of any reported decisions of the courts construing s. 104.36, nor has the question you pose been previously ruled upon by this office. However, the plain meaning of the word "solicit" involves something more than the mere communication of an idea addressed to the public at large. Black's Law Dictionary (Rev. 4th Ed.) defines the word as follows, at p. 1564: To appeal for something; to apply to for obtaining something; to ask earnestly; to ask for the purpose of receiving; to endeavor to obtain by asking or pleading; to entreat, implore, or importune; to make petition to; to plead for, to try to obtain; and though the word implies a serious request, it requires no particular degree of importunity, entreaty, imploration, or supplication. People v. Phillips, 70 Cal.App.2d 449, 160 P.2d 872, 874. To tempt a person; to lure on, especially into evil. People v. Rice, 383 Ill. 584,50 N.E.2d 711, 713. To awake or excite to action, or to invite. In Re Winthrop, 135 Wn. 135, 237 P. 3, 4; Briody v. De Kimpe,91 N.J. Law, 206, 102 A.688, 689. The term implies personal petition and importunity addressed to a particular individual to do some particular thing. Golden Co. v. Justice's Court of Woodland Tp., Yolo County, 23 Cal.App. 778, 140 P. 49, 58. (Emphasis supplied.) Also see cases collected at 39 Words and Phrases, pp. 614-617. And it is a well-settled rule of statutory construction that "[w]ords of common usage, when used in a statute, should be construed in their plain and ordinary signification." Gasson v. Gay,49 So.2d 525 (Fla. 1950). Applying that rule to the statutory language in question, I am of the view that s. 104.36 does not prohibit an elector from wearing a political campaign button when he or she goes to a polling place to vote. Your question is answered in the negative.