THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
CURTIS BETTS, Defendant-Appellant.

First District (3rd Division)    No. 78-1042

Opinion filed October 31, 1979.

RIZZI, J., dissenting.

Jerome Rotenberg, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Joan S. Cherry, and Christopher Cronson, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE SIMON delivered the opinion of the court:

In this prosecution, which was instituted by grand jury indictment, the State found it necessary to amend the indictment several times to properly state the offense which it felt its proof would show. The issue is whether these amendments were permissible under the statute which allows amendments to correct technical and formal defects such as miswriting, misspelling, grammatical errors or the failure to negative any proviso contained in the statute defining the offense. (Ill. Rev. Stat. 1973,

ch. 38, par. 111—5.) Our conclusion is that the amendments which the trial judge allowed were much different in nature than corrections of formal defects, and for that reason, the conviction must be reversed.

The Cook County grand jury indicted Curtis Betts on May 10, 1976, for delivery of a controlled substance in violation of section 401(b) of the Controlled Substances Act (Ill. Rev. Stat. 1973, ch. 56½, par. 1401(b)). (Betts was also charged with a violation of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1973, ch. 56½, par. 1312(a)), but he was acquitted on that count and it is not involved in this appeal.) The indictment read:

> "* * * Curtis Betts committed the offense of Illegal Delivery of Controlled Substance in that he, unlawfully and knowingly delivered to Joyce Jones a quantity less than 200 grams, to wit: 31.3 grams of Dexedrine, a controlled substance in Schedule II, *which is a narcotic*, not in the course of his professional practice, in violation of Chapter 56½, *Section 1401(b)* of the Illinois Revised Statutes, 1973 * * *." (Emphasis added.)

Before trial the indictment was amended, over the defendant's objection. The statutory citation was changed from par. 1401(b) to par. 1401(c), and the word "not" was inserted so that Betts was charged with delivery of a "* * * substance in Schedule II, which is *not* a narcotic * * *" (emphasis added) instead of a substance which is a narcotic. When the State rested its case, the defendant moved for a directed verdict, arguing that the State had failed to sustain its burden by not proving the allegations of the indictment. The State had introduced evidence tending to show that the defendant had sold 100 tablets of dexedrine to an undercover agent who did not have a prescription. Dexedrine, however, was not a controlled substance listed in Schedule II, as the indictment incorrectly alleged, and delivery of dexedrine was not a violation of par. 1401(c), which Betts was charged with violating after the indictment was amended. (The schedules have subsequently been changed so that dexedrine would be included in Schedule II.) The trial court denied the motion for directed verdict after the State argued that it could amend the indictment at any time to read "Schedule III."

As matters finally stood, the defendant was charged by the indictment as amended with delivery of dexedrine, a controlled substance listed in Schedule III, in violation of ch. 56½, par. 1401(c). The jury returned a verdict of guilty, and the defendant was sentenced to 5 years probation, the first 90 days to be spent in work release.

● 1, 2 The first amendment of the indictment was error. The Illinois Constitution guarantees the right to indictment and authorized the legislature to alter the nature and function of the grand jury as it sees fit. (Ill. Const. 1970, art. I, §7.) The legislature in providing for the use of the

grand jury has required that all indictments be signed by the foreman and that all indictments state, *inter alia*, the name of the offense and the statutory provision violated. (Ill. Rev. Stat. 1973, ch. 38, par. 111—3.) However, the legislature has preserved the independence of the grand jury. Amendments to indictments are allowed only in the very narrow circumstance where the defect in the charge is formal only. (Ill. Rev. Stat. 1973, ch. 38, par. 111—5.) This is in keeping with the common law tradition in this State that grand jury indictments are to be amended only by the grand jury itself. (*Patrick v. People* (1890), 132 Ill. 529, 533, 24 N.E. 619; *People v. Clark* (1954), 1 Ill. App. 2d 250, 117 N.E.2d 421.) The reason, according to the supreme court, is that grand juries form a check on the prosecutor's office in deciding whether to bring a particular charge and commence a prosecution. The decision to prosecute is made by 23 laymen instead of a single professional prosecutor, and should not be overridden later by amendments. *People v. Jones* (1973), 53 Ill. 2d 460, 292 N.E.2d 361.

■■■ Amendments of statutory provisions have been allowed where the offense which the grand jury intended to bring was clear and the figures printed on the indictment were only misprints. (*People v. Hampton* (1969), 105 Ill. App. 2d 228, 245 N.E.2d 47; *People v. Hall* (1964), 55 Ill. App. 2d 255, 204 N.E.2d 473; see Ill. Rev. Stat. 1973, ch. 38, par. 111—5(a).) But where the amendment seeks to change the very offense with which the defendant is charged, the amendment is no longer technical. A change in the offense charged means a change in a substantial factor in the grand jury's decision to commence prosecution. Here, the grand jury charged Betts with delivery of a narcotic. The statement in the indictment returned by the grand jury that the controlled substance involved (dexedrine) was a narcotic was more than a formal oversight, and this is shown by reference in the indictment to ch. 56½, par. 1401(b). That section covers delivery of controlled substances which are narcotics, while par. 1401(c), which was incorporated in the indictment by amendment, is the section relating to controlled substances which are not narcotics. Because both the term "narcotic" and the statutory provision referring to narcotics were used, we conclude that it was the grand jury's intention to charge an offense involving a narcotic under par. 1401(b). Deleting the reference to narcotics substantially changed the grand jury's charge.

Moreover, the offense charged by the unamended indictment was a Class 2 felony, carrying potential penalties of 1 to 20 years imprisonment and a $25,000 fine. When the indictment was amended to charge only delivery of a controlled substance that is not a narcotic, that offense was but a Class 3 felony, carrying potential penalties of 1 to 10 years

imprisonment and a $20,000 fine. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1; ch. 56½, pars. 1401(b), 1401(c).) The change in the indictment was substantive, not technical. Similarly it did not "negative" the narcotics provisions of 1401(b), but changed the charge to be consistent with the narcotics provision of 1401(c).

Although after the indictment was amended Betts was actually facing less severe penalties than before, the prejudice to him was no less real. It was the grand jury's decision whether, on the facts presented to it, to prosecute. If it had known that the facts presented only justified prosecution for a lesser offense, it may have decided that Betts' conduct was not so egregious as to warrant the expense of a criminal prosecution. If asked to amend and charge a lesser offense, it might have decided to forego prosecution completely. The fact that narcotics were charged in the indictment returned by the grand jury is instructive—the legislature has found, and perhaps the grand jurors agreed, that trafficking in narcotics is far more serious an affair, far more worthy of prosecution, than dispensing pep pills without a prescription. (See Ill. Rev. Stat. 1973, ch. 56½, pars. 1205(1), 1207(1).) As an example, we note that a potential juror in defendant's trial asked to be excused because she herself administered dexedrine to her son and thought that her familiarity with the drug might affect her judgment.

Had the State chosen another means of commencing prosecution, a means which lacked the independent review by a grand jury of the decision to prosecute, the amendment of the charge against Betts might not have been so prejudicial. (See *People v. Parr* (1970), 130 Ill. App. 2d 212, 264 N.E.2d 850 (amendment of statutory provision allowed where the charge was brought by complaint); contra, *People v. Troutt* (1977), 51 Ill. App. 3d 656, 366 N.E.2d 370 (amendment of controlled substances charge by changing the substance from amphetamine to phencyclidine held error where charge was brought by information).) However, so long as the State chose to have this drug prosecution instituted by grand jury indictment, it was obligated to return to that body if it sought to change the offense charged. Because the amendment of the indictment was prejudicial error, all that followed it was equally error and Betts' conviction must be reversed.

If this case were remanded, the State would have to prove the allegations of the unamended indictment. This would be impossible, since that charge calls for proof that dexedrine is a narcotic. But, the State's expert witness testified at trial that dexedrine in fact is an amphetamine, not a narcotic. Thus, there could be no conviction of the defendant on remand. Similarly, the State could not go to the grand jury to properly amend the indictment, since the grand jury which returned

the indictment went out of existence when its term expired. For these reasons, remand in this case for retrial would be a futile effort, so this case is reversed without remand.

Judgment reversed.

McGILLICUDDY, J., concurs.

Mr. JUSTICE RIZZI, dissenting:
I cannot agree with the result reached by the majority. I would affirm the judgment.