THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHN CLARK, Defendant-Appellant.

First District (5th Division)   No. 1—90—1564

Opinion filed June 5, 1992.—Rehearing denied August 3, 1992.

Rita A. Fry, Public Defender, of Chicago (Michael Davidson and Vicki Rogers, Assistant Public Defenders, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Michael Latz, and Michael Falagario, Assistant State's Attorneys, of counsel), for the People.

JUSTICE LORENZ delivered the opinion of the court:

Defendant, John Clark, appeals from his conviction for possession of a controlled substance with intent to deliver within 1,000 feet of a school. (Ill. Rev. Stat. 1989, ch. 56½, par. 1407(b)(1).) On appeal, we consider the following issues: (1) whether the jury was prejudiced during *voir dire* when a member of the venire, who was a police officer, stated he could not be fair and impartial because he knew defendant; (2) whether the prosecutor's alleged misconduct denied defendant a fair trial; and (3) whether the State proved beyond a reasonable doubt that defendant committed the offense within 1,000 feet of a school. We affirm.

Defendant was charged with possession of a controlled substance with intent to deliver within 1,000 feet of a school and he requested a jury trial. During *voir dire*, Robert Klein, one of the members of the venire, stated that he was a police officer for the Village of Niles and he knew defendant. He admitted that his knowledge of defendant would keep him from being a fair and impartial juror. Another member of the venire, Liucija Ambrosini, stated that she could not be fair and impartial based, in part, on the fact that Klein knew defendant. Subsequently, Michael Peregrine, another member of the venire, also stated that he was "a little troubled" by Klein's comments but he hoped that he would only consider the evidence presented at trial. Klein, Ambrosini, and Peregrine were not chosen as jurors. The 12 chosen jurors stated that they thought they could be fair and impartial.

During trial, Officer Thomas Argenbright testified that on September 20, 1989, he and his partner learned that drugs were being sold on the corner of 49th Street and Prairie Avenue. They saw defendant and Henry Watson standing on that corner at 4859 South Prairie and watched them through binoculars for about 20 minutes. On two separate occasions, Watson spoke with two different people and walked to a nearby grassy area where there was a snack bag. Watson took a plastic bag from the snack bag and then took a smaller bag from the plastic bag. Watson gave the small bag to the person he spoke with. Argenbright did not see the people give Watson anything. Then, Watson put the plastic bag back inside the snack bag and put the snack bag where it was in the grassy area. Argenbright also saw a person approach defendant, who repeated the same procedure, but Argenbright did not see the person hand anything to defendant. Argenbright and his partner approached defendant and Watson and seized the snack bag. Inside the snack bag was a clear plastic bag

holding 15 smaller clear plastic bags filled with a white yellowish rocky substance which Argenbright thought was crack cocaine. They searched defendant and Watson but did not find money or drugs. Defendant and Watson were arrested. Argenbright estimated that the corner where defendant was standing was "well within" 1,000 feet of an elementary school on the southwest corner and that the distance was equivalent to the distance from home plate to second base in a baseball field. On cross-examination, Argenbright admitted that he prepared a police report in the case but did not state that he used binoculars to watch defendant. Also, he did not ask an evidence technician to dust the snack bag for fingerprints because he saw defendant and Watson touch the bag.

Ada Cordero, a criminalist for the Chicago Police Crime Laboratory, testified that she tested two of the packets and found they were crack cocaine. The total weight of the cocaine in the 15 packets was 1.35 grams. She also testified that crack cocaine was the type "you probably heard about it in talk shows, which is higher, more addictive, the intensity of the addiction." Defendant's objection to the comment was sustained. Also, on cross-examination Cordero testified that she did not test the bag for fingerprints.

The State rested and defendant did not present evidence.

During the jury instruction conference, defendant offered an instruction on impeachment by a prior inconsistent statement. He argued that Argenbright's testimony was impeached by his police report which did not state that he used binoculars to watch defendant. The trial judge denied the instruction.

The jury found defendant guilty and he was sentenced to seven years in prison.

OPINION

Defendant first argues that the jury was prejudiced during *voir dire* when Klein, who was a police officer, stated he could not be fair and impartial because he knew defendant. Defendant's motion for mistrial based on the comment was denied. He contends that Klein's statement suggested to the other jurors that he had a criminal background.

The trial judge's denial of a motion for mistrial will not be reversed unless it was an abuse of discretion. (*People v. Camden* (1991), 219 Ill. App. 3d 124, 578 N.E.2d 1211.) A mistrial is necessary when it appears that the jury was so influenced and prejudiced that it could not have been fair and impartial and that the damaging effect could

not be cured by admonitions and instructions. *Camden*, 219 Ill. App. 3d 124, 578 N.E.2d 1211.

Defendant relies on *People v. Rogers* (1985), 135 Ill. App. 3d 608, 482 N.E.2d 639, where the appellate court reversed defendant's conviction because the jury was not fair and impartial. In *Rogers*, a juror read a newspaper article during trial which stated, among other things, that defendant committed the offense for which he was being tried the day after he was released from prison. The trial judge had excluded this evidence from trial because it was prejudicial. The juror told several other jurors what he learned. After the jury returned its verdict against defendant, the judge learned of the impropriety but the jurors stated the article did not influence their verdict. On appeal, the court found that despite the jurors' claims that they were not influenced, the information prejudiced the jury because it was specifically excluded from trial.

The present case is unlike *Rogers*. Here, the jury did not learn specific information about defendant's prior criminal activity, if any, from Klein's comment during *voir dire*. What they learned was that Klein, a Niles police officer, knew defendant and could not be fair and impartial. The trial judge noted to the venire members that although Klein knew defendant, they did not know how Klein knew defendant. The two members of the venire who expressed a doubt about whether they could be impartial based on Klein's statement were discharged. Each juror selected stated he or she would be fair and impartial. As a result, the judge did not abuse his discretion when he denied defendant's motion for mistrial.

Defendant also argues that three instances of the prosecutor's alleged misconduct denied him a fair trial.

First, he contends that the prosecutor improperly brought out Cordero's testimony that crack cocaine was more addictive than cocaine. Defendant's objection to the testimony was sustained. He now complains on appeal that the judge did not immediately instruct the jury to disregard the testimony; however, the jury was given an instruction to disregard questions to which objections were sustained. This was sufficient to cure any prejudice that may have resulted from the testimony. *People v. Romano* (1985), 139 Ill. App. 3d 999, 487 N.E.2d 785.

Second, during rebuttal the prosecutor stated that "it would be nice if we in this country, in this city had the resources to treat people like [defendant] like the federal government treated Manuel Noriega." The State argues that this response was provoked because defendant, in his argument, challenged the police department's re-

sources to investigate crime. However, the State misinterprets defendant's argument, which was based on the lack of evidence in this particular case. The prosecutor's rebuttal argument, indirectly comparing defendant to Noriega, was more than a response to defendant's argument. This was improper comment. However, because of the overwhelming evidence against defendant, the comment was not a material factor in defendant's conviction and did not result in substantial prejudice. (*People v. Mikell* (1991), 217 Ill. App. 3d 814, 577 N.E.2d 1300.) Therefore, it was not reversible error.

■ Third, defendant complains of the prosecutor's comment in rebuttal that

> "the defendant has no obligation whatsoever to prove his innocence. That's the law. We abide by the law. But the defendant can have tests done if he thinks that that's going to help him in his defense. *** I suggest to you that this man could have had that bag examined just as well if he thought evidence favorable to him would have resulted from that examination."

Again, the State argues that its argument was in response to defendant's argument; however, as defendant notes, a defendant does not need to prove his innocence. (*People v. Bormet* (1986), 142 Ill. App. 3d 422, 491 N.E.2d 1281.) The prosecutor's comment arguably implied that defendant had to prove his innocence and was improper. As noted previously, due to the weight of the evidence against defendant, it was not reversible error. Therefore, defendant was not denied a fair trial.

■ Next, defendant argues that the State did not prove beyond a reasonable doubt that he committed the offense within 1,000 feet of a school. He argues that Argenbright's testimony on the distance was insufficient on this point because he did not use an instrument to determine the distance.

In reviewing an argument challenging the sufficiency of the evidence, the court must view the evidence in a light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *People v. Young* (1989), 128 Ill. 2d 1, 538 N.E.2d 461.

Defendant relies on *People v. Lipscomb* (1988), 173 Ill. App. 3d 416, 527 N.E.2d 704, where a land surveyor testified to the distance from the school. Defendant argues that such testimony was necessary in this case. However, *Lipscomb* is not applicable because it did not address the issue of what type of evidence was necessary to prove the distance element of the offense.

Viewing the evidence in a light most favorable to the prosecution, it showed that defendant was on one corner of 49th and Prairie and the school was on the southwest corner. Argenbright estimated that the distance was well within 1,000 feet and was equivalent to the distance from home plate to second base. Although the jurors may not have known the distance between home plate and second base, any rational juror could have found that the distance element was satisfied based on Argenbright's testimony that it was well within 1,000 feet. Therefore, the State proved this element beyond a reasonable doubt.

■ Defendant raises several other arguments which he did not preserve in the trial court and are waived for review. To preserve an argument for appellate review, defendant must object at trial and raise the issue in his post-trial motion. (*Young*, 128 Ill. 2d 1, 538 N.E.2d 461.) An issue which was waived may be reviewed as plain error if the evidence was closely balanced or the error was of such magnitude that defendant was denied a fair trial. *Young*, 128 Ill. 2d 1, 538 N.E.2d 461.

Defendant argues that the trial judge erred when he denied a jury instruction on prior inconsistent statements but he did not raise this argument in his motion for new trial. Defendant also complains of the prosecutor's reference in closing argument to "Miami Vice" and stating that "if you've got 15 of these bags \*\*\*, you've got intent to deliver." However, defendant failed to object to the comments at trial or raise them in his motion for new trial. Further, defendant failed to raise in his motion for new trial the prosecutor's comment that defendant had "enough guile not to take the money on the street [and] enough sense to have somebody up the street backing people and taking the money."

Defendant's failure to preserve these arguments by objecting to them during trial and in his motion for new trial results in the waiver of these issues on appeal. Further, the plain error rule does not apply because the evidence at trial was not closely balanced and the alleged errors did not deny defendant a fair trial.

Affirmed.

McNULTY, P.J., and MURRAY, J., concur.