THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LARRY JOHNSON, Defendant-Appellant.

First District (2nd Division)    No. 1—95—3680

Opinion filed December 16, 1997.—Rehearing denied January 16, 1998.

916

Michael J. Pelletier and Barbara Kamm, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Alan J.

Spellberg, and Arthur T. Heil, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE McNULTY delivered the opinion of the court:

Prosecutors charged defendant, Larry Johnson, with violation of probation. The trial court, after taking testimony from a witness when defendant was in the hospital, found him guilty as charged. Defendant appeals from the judgment.

In 1990 the Cook County grand jury returned three indictments charging defendant with delivery on three separate occasions of less than one gram of

> "a substance containing a certain controlled substance, to wit: cocaine, in violation of chapter 56-1/2, section 1401 d." (Emphasis omitted.)

The trial court, in a bench trial, found defendant guilty on all three counts. On February 21, 1991, the court sentenced defendant to four years' probation on each charge, with the first year being intensive probation, and all three sentences to run concurrently. The judge emphasized that he imposed a lenient sentence to give defendant an opportunity to get help for his drug dependency through Treatment Alternatives to Street Crimes.

On May 13, 1991, police arrested defendant and charged him with possession of heroin. Prosecutors petitioned for new sentences on the three original possession charges because defendant violated the conditions of his probation. The charge remained pending by agreement of the parties for four years, while defendant responded to charges in an unrelated criminal trial which resulted in his acquittal.

At a status hearing on June 30, 1995, prosecutors informed the court that the heroin had been destroyed, so they needed to bring in the original chemist, who had since moved to Arizona. Defendant demanded a speedy trial. The court set a trial date of July 27, 1995.

On the scheduled trial date defense counsel informed the court that defendant had been admitted to the cardiac unit of Cook County Hospital on Sunday, July 23, 1995, and doctors expected to release him by Sunday, July 30. Counsel called prosecutors on July 26, 1995, shortly after he learned that defendant would not be available on the scheduled trial date, but the chemist had already flown into Chicago. Defense counsel requested a continuance until Monday, July 31, so that defendant could appear in court. The prosecutor told the court that the State had to pay the chemist's airfare plus $100 per day and expenses. Defense counsel strenuously objected to beginning trial without defendant.

Although the judge accepted defense counsel's representations that defendant had been admitted to the hospital, he said:

> "I don't see why the State should have to [bear] the expense of bringing this witness in. ***
>
> * * *
>
> People shouldn't demand things that they're not prepared to demand.
>
> * * *
>
> *** I'm going to let the State put on this witness due to the fact that the witness has come from out of state *** at the expense of the State.
>
> I don't know the circumstances surrounding [defendant's] admittance into the hospital ***. *** [I]t's set for a date certain that he can get out, so *** it is not a life threatening situation. He was to come to court. I don't know under what circumstances he is in the hospital, but I'm going to take this witness' testimony under oath in open court subject to cross examination."

Defense counsel moved for production of the narcotics for testing and for dismissal of the charge because the prosecutor could not produce the narcotics. The trial court denied the motions.

The chemist testified that she received a sealed evidence envelope containing 22 tinfoil packets. She tested two of the packets and found they contained heroin.

Defendant came to court when trial resumed a month later. Officer John Greco testified that on May 13, 1991, a citizen complained about the conduct of a passenger in a car that the citizen pointed out. Greco stopped the car and found defendant sitting in the passenger seat with a bulge in his pants pocket. The officer retrieved a plastic bag containing 22 tinfoil packets from that pocket. Greco arrested defendant and inventoried the bag.

The court found defendant guilty of violating his probation. At the sentencing hearing defense counsel agreed that defendant had been on probation for three Class 2 felonies when Greco caught him with the heroin. The court noted that defendant's extensive criminal history justified a severe sentence, especially because defendant violated probation less than three months after the court afforded him considerable leniency. The judge said, "I see no reason to impose concurrent sentences." The court sentenced defendant to six years in the custody of the Department of Corrections on each of the charges, with the sentences to run consecutively, for a total of 18 years.

■ Defendant argues on appeal that the finding of a violation of probation must be reversed because the court began trial and took testimony from a witness in defendant's absence. The Illinois Constitution of 1970 guarantees that all defendants in criminal prosecu-

tions "shall have the right to appear and defend in person and *** to be confronted with the witnesses against him." Ill. Const. 1970, art. I, § 8. The statute governing probation revocation proceedings expressly applies confrontation rights to such proceedings. 730 ILCS 5/5—6—4(c) (West 1994). "[T]rials *in absentia* should be abhorred because of their inherent unfairness to the defendant." *People v. Coppage*, 187 Ill. App. 3d 436, 442, 543 N.E.2d 269 (1989).

■ A defendant may waive his confrontation right by voluntarily failing to appear, and the court then has discretion to try the defendant *in absentia. People v. Sherrod*, 279 Ill. App. 3d 383, 387, 664 N.E.2d 1066 (1996). When a defendant challenges a trial court's decision to hold a probation revocation hearing in his absence, "[t]he issue then becomes whether defendant voluntarily waived his right to be present." *People v. Hall*, 134 Ill. App. 3d 836, 841, 480 N.E.2d 1387 (1985).

■ The trial court here accepted defense counsel's representation that defendant was hospitalized on the first day of trial. Although Illinois courts have not squarely addressed this issue, all other state courts in which the situation has arisen have held that hospitalization, at least in the absence of a voluntary act like a suicide attempt, shows the defendant's absence is not voluntary, and therefore the court must not take testimony. *E.g., Godwin v. State*, 501 So. 2d 154, 155 (Fla. Dist. Ct. App. 1987); *People v. Valdez*, 135 A.D.2d 761, 762, 522 N.Y.S.2d 666, 667 (1987); *Maupin v. State*, 694 P.2d 720, 723 (Wyo. 1985).

■ The prosecution, relying on *People v. Bean*, 137 Ill. 2d 65, 560 N.E.2d 258 (1990), argues that this court should affirm the judgment because "defendant offers no evidence nor argument of how his presence would have aided defense counsel in the cross examination of this technical witness." In *Bean* the trial court questioned six members of the venire in chambers without permitting defendant to come into chambers. Because defendant objected neither at trial nor in his posttrial motion, our supreme court reviewed the issue only for plain error. The court held:

> "[N]o plain error occurred because, although defendant's broad right of presence was improperly denied and could have affected the impartiality of the jury, defendant's absence *** did not, in fact, have the slightest effect on the impartiality of the jury selected. ***
>
> Defendant tries to support his position by citing cases he believes established an absolute, inflexible right of presence throughout trial in Illinois; but each of these cases shares one significant limiting fact: The defendants were absent when witnesses testified." *Bean*, 137 Ill. 2d at 81-82.

Here, by contrast, defendant properly preserved his objection to the court's decision to receive testimony in his absence. Because the court's decision to proceed when defendant's absence was not voluntary violated his substantial constitutional and statutory right to defend in person and confront the witnesses against him, the judgment must be reversed. See *People v. Fields*, 255 Ill. App. 3d 787, 629 N.E.2d 62 (1993) (sentence reversed due to defendant's involuntary absence, without showing of prejudice).

■ Defendant raises two further issues which we choose to address here because they are likely to arise again on remand. The original indictments for the three possession counts all charged defendant with possession of cocaine in violation of "chapter 56-1/2, section 1401 d" of the Illinois Revised Statutes. Although defense counsel at sentencing agreed that the indictments charged him with Class 2 felonies, the section in force at the time of the offense provided:

> "[I]t is unlawful for any person knowingly to *** deliver *** a controlled or counterfeit substance or controlled substance analog. ***
>
> *** [A]ny person who violates this Section with respect to:
>
> * * *
>
> (c) any other amount of a controlled or counterfeit substance *** which is a narcotic drug is guilty of a Class 2 felony. ***
>
> (d) any other amount of a controlled or counterfeit substance *** which is not a narcotic drug is guilty of a Class 3 felony." Ill. Rev. Stat. 1989, ch. 56-1/2, par. 1401.

Defendant argues that on remand the prosecution must be limited to proving that he violated probation on three Class 3 felonies, rather than three Class 2 felonies, and if he is found guilty the sentence must similarly reflect the conviction for Class 3 felonies.

The court treated the indictments as charges that defendant violated section 401(c), thereby committing Class 2 felonies, rather than Class 3 felonies of violating section 401(d). The court effectively amended the indictment.

"Any amendment to an indictment must originate with the grand jury unless such amendment corrects only a formal defect in the charge." *People v. Patterson*, 267 Ill. App. 3d 933, 938, 642 N.E.2d 866 (1993). Courts may permit amendment of incorrect statutory citations in some circumstances. *People v. Ryan*, 117 Ill. 2d 28, 37, 509 N.E.2d 1001 (1987). "Where the language of the indictment sufficiently informs a defendant of the charges against him, and defendant cannot demonstrate any prejudice resulting from an incorrect statutory citation, the defect is formal ***." *People v. Witt*, 227 Ill. App. 3d 936, 944, 592 N.E.2d 402 (1992). Therefore, "[a]mendments of

statutory provisions have been allowed where the offense which the grand jury intended to bring was clear and the figures printed on the indictment were only misprints." *People v. Betts*, 78 Ill. App. 3d 200, 202, 397 N.E.2d 106 (1979).

In *Betts* the grand jury charged the defendant with delivery of " 'Dexedrine, a controlled substance *** *which is a narcotic ***'* " (emphasis in original) (*Betts*, 78 Ill. App. 3d at 201), in violation of the part of section 401 applicable to narcotics. The trial court permitted the prosecution to amend the indictment to charge the defendant with delivery of a controlled substance which is *not* a narcotic, in violation of a different part of section 401 applicable to nonnarcotic controlled substances. The appellate court reversed the conviction, stating:

> "Because both the term 'narcotic' and the statutory provision referring to narcotics were used, we conclude that it was the grand jury's intention to charge an offense involving a narcotic under par. 1401(b). Deleting the reference to narcotics substantially changed the grand jury's charge." *Betts*, 78 Ill. App. 3d at 202.

Here, on the other hand, the grand jury charged defendant with delivering cocaine without including mention of the fact that cocaine is a narcotic. The grand jury cited the inappropriate statutory section applicable to nonnarcotic controlled substances. Defense counsel and defendant at trial and at sentencing showed their understanding that the grand jury had indicted defendant for the Class 2 felony of possession of narcotics. The indictment reflected the grand jury's intention to charge defendant with cocaine possession in violation of section 401(c), and defendant demonstrated no prejudice resulting from the incorrect citation of section 401(d). Accordingly, on remand the trial court should treat the three convictions for which defendant obtained probation as Class 2 felonies.

■ Finally, defendant argues that the court should bar evidence of the chemist's tests because the State destroyed the substance tested prior to trial. In *People v. Newberry*, 166 Ill. 2d 310, 652 N.E.2d 288 (1995), the prosecution charged the defendant with possession of cocaine. The defendant promptly filed a written motion to examine all tangible objects seized from the defendant. One year later the prosecution informed the defendant that police negligently destroyed the substance seized. *Newberry*, 166 Ill. 2d at 312-13. The trial court dismissed the indictments. Prosecutors argued on appeal that the defendant had not shown that police acted in bad faith when they destroyed the evidence. Our supreme court responded:

> "Where evidence is requested by the defense in a discovery motion, the State is on notice that the evidence must be preserved,

and the defense is not required to make an independent showing that the evidence has exculpatory value in order to establish a due process violation. [Citation.] If the State proceeds to destroy the evidence, appropriate sanctions may be imposed even if the destruction is inadvertent. No showing of bad faith is necessary." *Newberry*, 166 Ill. 2d at 317.

Therefore the court affirmed dismissal of the charges. Similarly, in *People v. Taylor*, 54 Ill. App. 3d 454, 457-58, 369 N.E.2d 573 (1977), the appellate court held that "whenever an accused seeks by timely motion a sample of the allegedly controlled substance, *** a heavy burden devolves upon the State either to produce a testable sample or to prove by clear and convincing evidence that the destruction of all of the substance in its possession was necessary."

In both *Newberry* and *Taylor* the courts emphasized the importance of timely requests. When the defendant has not made such a timely request, the defendant must present evidence that the State acted in bad faith when it destroyed the evidence. *People v. Hall*, 235 Ill. App. 3d 418, 426-27, 601 N.E.2d 883 (1992). Here defendant did not file a written request for production of the evidence until July 27, 1995, more than four years after police seized it and he was charged with possession. The request came less than 30 days after prosecutors informed defendant and the trial court that the evidence had been destroyed. We agree with the trial court that this request is not timely, and therefore testimony concerning testing of the seized substance is admissible on remand unless defendant can show that acts in bad faith caused destruction of the evidence.

Because the trial court heard testimony when defendant was involuntarily absent, the judgment revoking probation is reversed and the cause is remanded for proceedings not inconsistent with this order.

Reversed and remanded.

TULLY and O'MARA FROSSARD, JJ., concur.