1-00-1827

FOURTH DIVISION

September 20, 2001

No. 1-00-1827

THE PEOPLE OF THE STATE OF ILLINOIS
, )        Appeal from

)     the Circuit Court

Plaintiff-Appellee, )      of Cook County.

)

v. )      No. 99-CR-15048

)

PERCY EDMONDS, )         Honorable

)    Mary Maxwell Thomas,

Defendant-Appellant. )      Judge Presiding.

JUSTICE THEIS delivered the opinion of the court:

Following a bench trial, defendant Percy Edmonds was convicted of possession of a controlled substance with intent to deliver on a public way within 1,000 feet of a school.  720 ILCS 570/401(c)(2), 407(b)(1) (West 1998).  He was sentenced to six years' imprisonment.  On appeal, defendant argues that (1) the indictment charging him was fatally defective and, thus, his conviction should be reversed; and (2) the State failed to prove beyond a reasonable doubt that defendant committed the offense within 1,000 feet of a school.  We affirm.

At trial, Officer Shawn Rellinger of the Chicago police department testified that on May 11, 1999, at approximately 9:55 p.m., he conducted a surveillance on the 3400 block of Adams Street, just west of Homan Avenue in Chicago.  He saw defendant standing at the mouth of the alley, by the sidewalk, on the west side of Homan, between Monroe Street and Adams.  Rellinger observed defendant engage in three separate transactions within five minutes where an unknown person approached defendant, had a short conversation, and handed defendant what appeared to be United States currency.  Defendant looked at the currency, placed it in his pocket and then proceeded to a steel pole located in a vacant lot on Adams.  The pole was approximately 10 to 20 feet from where defendant was standing in the alley.  Defendant lifted a rock next to the pole, ripped a certain amount from a strip of plastic, and gave that object to the person.  

After the third transaction, Rellinger radioed his partner and told him to detain defendant.  Rellinger then proceeded to the pole, where he recovered six Ziploc bags, strip-taped together, containing suspected crack cocaine.  Defendant was then arrested and a search revealed $120 in his pants pocket.  On cross-examination, Rellinger stated that he did not include in his report that he saw defendant place the alleged currency in his pocket or that he saw defendant tear something from the strip of plastic.  He also admitted that he could not actually see the currency but assumed that it was money. 

Investigator Eugene Connelly testified that he measured the distance between where defendant was arrested to Marshall High School.  Connelly used a measuring instrument, the Roladex 400, which measured the distance in feet while he rolled it along the ground.  Connelly  accurately calibrated the instrument before he took measurements.  

He began measuring from the alley behind 3401 West Monroe, an address he obtained from the police report.  The alley ran east/west and was between Monroe and Adams and west of Homan.  He measured down the alley to Marshall High School, which was between Monroe and Adams and Spaulding and Kedzie Avenues.  Connelly testified that he measured to a concrete slab in front of the school building on the east side of Spaulding, which was approximately 20 feet from the sidewalk and 50 feet from the school building.  The distance from the alley behind 3401 West Monroe to Marshall High School was 752 feet. 

On cross-examination, Connelly admitted that in his investigative report he misspelled Monroe as "Monore" and did not include a direction, such as east or west, before the Monroe address from which he started measuring.  At the time he took the measurement, he knew the address of Marshall High School to be 3250 West Adams, but he did not know the legal limits of the school property or the legal limits of 3401 West Monroe.

The parties stipulated that Marshall High School was a Chicago public school located at 3250 West Adams and was operating as such on May 11, 1999.  Further, it was stipulated that the contents of the six bags recovered contained 1.3 grams of cocaine.  

At the close of this evidence, defendant made a motion for a directed verdict, which was denied.  When finding defendant guilty as charged, the trial court noticed a discrepancy in the indictment.  While the indictment described the charge as possession of a controlled substance with intent to deliver on a public way within 1,000 feet of a school, the citation to the "1,000 feet of a school" provision was missing.  Instead, only the citations to possession of a controlled substance with intent to deliver, "720-570/401(c)(2)," and the automatic transfer provision transferring defendant to adult court, "720-405/5-4(7)(A)," were cited.  The trial court allowed the State to change the automatic transfer citation to "705-405/5-130(2)(a)" because the previous statute had been found unconstitutional under 
People v. Cervantes
, 
189 Ill. 2d 80, 723 N.E.2d 265 (1999).  Over defense objection, the trial court also allowed the State to add a citation to the indictment, "720-570/407(b)(1)," which contained the "1,000 feet of a school" provision and changed the penalty from a Class 1 to a Class X felony.  The trial court found defendant guilty of possession of a controlled substance with intent to deliver on a public way within 1,000 feet of a school and sentenced him to the minimum of six years' imprisonment.  After defendant's motions for a new trial and to reconsider his sentence were denied, he filed this timely appeal. 

Defendant first contends that the indictment was defective because it failed to state the citation for the offense for which he was ultimately convicted, "720-570/407(b)(1)," and the trial court erred in allowing the State to amend the indictment.  The State responds that the addition of the statute was merely a formal, not a substantive, change and did not prejudice defendant and, thus, the trial court properly allowed the amendment.

Defendant never filed a pretrial motion to dismiss or a posttrial motion in arrest of judgment.  After the trial court noticed the inconsistency in the indictment, defendant only objected to allowing the State to amend the indictment.  Defendant repeated this objection in his motion for a new trial.  However, defendant did not object to the sufficiency of the indictment in the trial court and raises this issue for the first time on appeal.  Our standard of review, then, is whether the indictment apprised defendant of the precise offense charged with sufficient specificity to prepare his defense and allow pleading a resulting conviction as a bar to future prosecution arising out of the same conduct.  
People v. Thingvold
, 145 Ill. 2d 441, 448, 584 N.E.2d 89, 91 (1991); 
People v. Gilmore
, 63 Ill. 2d 23, 29, 344 N.E.2d 456, 460 (1976).  We consider whether the defective indictment prejudiced defendant and whether the difference between the allegations in the indictment and the proof at trial was material and of such
 a character as to mislead defendant in preparing his defense.  
Thingvold
, 145 Ill. 2d at 448, 584 N.E.2d at 91; 
People v. Weber
, 264 Ill. App. 3d 310, 314, 636 N.E.2d 902, 905 (1994).  If a defendant was sufficiently advised of the charges against him, the conviction may be sustained.  
Weber
, 264 Ill. App. 3d at 314, 636 N.E.2d at 905.  In making this determination, the reviewing court looks to the indictment and the record.  
People v. Maggette
, 195 Ill. 2d 336, 348, 747 N.E.2d 339, 346 (2001). 

Here, the indictment charged:

"[O]n or about May 11, 1999[,] at and within the County of Cook[,] Percy Edmonds committed the offense of possession of controlled substance with intent to deliver in that he, being at least 15 years of age, unlawfully and knowingly possessed with intent to deliver *** 1 gram or more but less than 15 grams of a substance containing a certain controlled substance, to wit: more than 5 grams cocaine, on a public way within 1000 feet of the real property comprising any school, regardless of the time of day or time of year, in violation of Chapter 720 Act 570 Section 401(c)(2)/405\5-4(7)(A) of the Illinois Compiled Statutes ***."
(footnote: 1)
While the indictment failed to cite the additional provision necessary for his conviction, "720 ILCS 570/407(b)(1)," we find from reviewing the indictment and the record that defendant was aware that he was charged with possession of cocaine with intent to deliver within 1,000 feet of a school.

The language of the indictment includes the phrase "within 1000 feet of *** [a] school" and includes all elements of the charge of possession of a controlled substance with intent to deliver within 1,000 feet of a school.  Further, Connelly testified at length regarding his measurements and the exact distance from the place where defendant was arrested to Marshall High School.  Defendant cross-examined and re-cross-examined this witness regarding the measurements.  In her motion for a directed finding, defense counsel stated that "defendant is charged with it appears to be one count of possession of controlled substance with intent to deliver within a thousand feet of a school."  She later argued that "it has not been established that the defendant possessed cocaine with intent to deliver within a thousand feet of Marshall High School."  Defense counsel argued extensively to the court that the State had not proved the second part of the crime, that the offense occurred within 1,000 feet of a school, beyond a reasonable doubt.  The State also consistently referred to the charge against defendant as including the "1,000 feet of a school" language.  In denying defendant's motion for a directed verdict, the court repeatedly referred to the offense as "possession with intent [to deliver] within a thousand feet" without any objection.  

Based on this evidence, we find that, while the indictment failed to include a citation to the statute regarding the proximity of the offense to a school, it was sufficiently specific and adequately apprised defendant of the charge against him in order to prepare his defense.  There was no difference between the allegations in the indictment and the proof at trial and defendant failed to demonstrate any prejudice.  We find the indictment was not defective.

Defendant also argues that the trial court erred in allowing the State to amend the indictment after trial to add this statutory citation.  When reviewing the trial court's decision to allow or deny an amendment to the indictment, we apply an abuse of discretion standard.  
People v. McCoy
, 295 Ill. App. 3d 988, 993, 692 N.E.2d 1244, 1247 (1998).  Section 111-5 of the Code of Criminal Procedure of 1963 allows an amendment to an indictment to correct formal defects, as long as the change is not material and does not alter the nature and elements of the offense charged.  725 ILCS 5/111-5 (West 1998); 
McCoy
, 295 Ill. App. 3d at 993, 692 N.E.2d at 1248.  When the language of the indictment sufficiently informs defendant of the charges and defendant is not prejudiced by an incorrect statutory citation, the defect is formal.  
People v. Johnson
, 293 Ill. App. 3d 915, 920, 689 N.E.2d 179, 182 (1997).  Formal defects can be corrected by either party at any time, provided there is no resulting surprise or prejudice to the defendant.  
People v. Benitez
, 169 Ill. 2d 245, 255, 661 N.E.2d 344, 349 (1996).

Here, the trial court did not abuse its discretion in allowing the State to amend the indictment.  In doing so, the court found that "certainly the Defense had notice.  That's what we've been trying here."  In denying defendant's motion for a new trial, the court again addressed this issue and stated that "it is clear that the defense was on notice that *** they [the State] were going to be proceeding under the statute dealing with being within one thousand feet of *** a school."  The court found the amendments "were certainly only to make clear and we view those to really be administrative typo kind of amendments."  Further, as discussed above, defendant was not surprised or prejudiced and the record clearly shows that he was aware of the charge of possession of a controlled substance with intent to deliver within 1,000 feet of a school.  We find that the defect was formal, not material, and did not change the elements of the offense charged.  

Defendant cites 
People v. Betts
, 78 Ill. App. 3d 200, 397 N.E.2d 106 (1979), in support of his argument that the defect was substantive.  In 
Betts
, the indictment was amended from the delivery of a narcotic to the delivery of "not" a narcotic.  
Betts
, 78 Ill. App. 3d at 201, 397 N.E.2d at 108.  The original indictment included both the term "narcotic" and the statute referencing that offense.  
Betts
, 78 Ill. App. 3d at 202, 397 N.E.2d at 108-09.  The court found that the change in the type of substance defendant was accused of delivering changed the offense charged, the grand jury did not intend the amended charge and, therefore, the change was substantive.  
Betts
, 78 Ill. App. 3d at 202-03, 397 N.E.2d at 109.  Here, the original indictment contained the "1,000 feet of a school" language and one of two necessary statutory citations.  The addition of one cite did not change the offense charged and, in fact, reflected the grand jury's intent.  It is clear from the language of the indictment and the proceedings at trial that defendant was charged with possession of a controlled substance with intent to deliver on a public way within 1,000 feet of a school.  Therefore, the trial court did not abuse its discretion in allowing the State to amend the indictment.

Defendant also argues that the "1,000 feet" provision was present in the indictment only to trigger the automatic transfer statute and did not place him on notice of this charge.  The automatic transfer statute cited in defendant's indictment was "720-405/5-4(7)(a)," which is now "705 ILCS 405/5-130(2)(a)."  That section specified that, if a minor who was at least 15 years old was charged with an offense under section 401 of the Illinois Controlled Substances Act while on a public way within 1,000 feet of a school, the minor could not be defined as delinquent and would therefore be prosecuted in adult court.  705 ILCS 405/5-130(2)(a) (West 1998).  Thus, the inclusion of the automatic transfer citation informed defendant both that he was being charged with a crime listed in that section and that, because he was charged with such a crime, he would be tried under the Criminal Code of 1961 (720 ILCS 5/1-1 
et seq
. (West 1998)).  Therefore, the "1,000 feet of a school" language and the citation to the automatic transfer statute did not mislead defendant as to the charge and adequately informed him that he was charged with possession of a controlled substance with intent to deliver on a public way within 1,000 feet of a school.  Accordingly, we reject defendant's argument.

Defendant next contends that the State failed to prove beyond a reasonable doubt that the offense occurred within 1,000 feet of a school.  He states that, because Connelly began measuring in the alley and not at the steel pole where the drugs were found and because of the inconsistencies in his report, reasonable doubt exists.  The State responds that Connelly's testimony clearly established that the offense occurred within 1,000 feet of a school.

When reviewing the sufficiency of the evidence in a criminal appeal, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
People v. Smith
, 185 Ill. 2d 532, 541, 708 N.E.2d 365, 369 (1999).  This court's role is not to retry the defendant and, thus, we afford the trier of fact great deference.  
People v. DePaolo
, 317 Ill. App. 3d 301, 306, 739 N.E.2d 1027, 1031 (2000)
.  

In 
People v. Clark
, a police officer testified that the distance between where defendant was arrested for selling drugs and a school "was equivalent to the distance from home plate to second base in a baseball field."  
People v. Clark
, 231 Ill. App. 3d 571, 574, 596 N.E.2d 642, 644 (1992).  The court found this evidence alone was sufficient to prove beyond a reasonable doubt that the distance was "well within" 1,000 feet.  
Clark
, 231 Ill. App. 3d at 577, 596 N.E.2d at 645-46.  

Here, Connelly's uncontroverted testimony revealed that he began measuring in the alley behind 3401 West Monroe, an address he obtained from the police report.  The distance between this point and Marshall High School was 752 feet.  While he did not measure from the steel pole, the court found that defendant had constructive possession of the drugs when he stood at the mouth of the alley where Connelly began measuring.  Further, Rellinger testified that the distance between where defendant stood and the steel pole was only 10 to 20 feet.  While Connelly did not know the exact legal boundaries of the high school, he measured to the school property and within 50 feet of the building.  The trial court stated that "we've had enough description here in terms of where the measurement was made from *** the Court is able to reasonably conclude and do the math, that it is within a thousand feet."  The inconsistencies in his report were not material and, therefore, after viewing the testimony in the light most favorable to the prosecution, we find that a rational trier of fact could have found the State established this element beyond a reasonable doubt.

For the foregoing reasons, we affirm defendant's conviction for possession of a controlled substance with intent to deliver on a public way within 1,000 feet of a school.

Affirmed.

GREIMAN, J., concurs; REID, J., dissents.

Justice Reid, dissenting:

    I dissent.  While the majority is correct in its recitation of the law that, in general, the mere failure to include a statutory citation in an otherwise proper indictment does not automatically render the indictment void, the factual posture of this case is sufficiently unique so as to take it out of the realm of the general.  When Edmonds was informed of the crime for which he was being charged, he was done so in an indictment which specifically charged him with a violation of a class one felony.  He was convicted, after the trial court granted a motion to amend the indictment, of a class X felony.  By definition, the punishment for a class X felony exceeds that of a class one felony.  Since the indictment did not inform Edmonds that he was being charged with the violation of a class X felony at a point in the process before he made his decision whether or not to go to trial, I believe the amendment to the indictment was substantive and not merely a formality, as the majority has concluded.  As support for its conclusion, the majority holds that Edmonds should have known that, even though the statute cited in the original draft of the indictment was for a different crime, he could have been punished in the more severe way because of the language in the indictment.  The indictment used descriptive language that the alleged crime took place, “on a public way within 1000 feet of the real property comprising any school, regardless of the time of year.”  The majority holds that the presence of that language in the indictment, put Edmonds on notice of the possibility that he could be punished for violation of a class X felony, even though the indictment specifically informed him he was facing a class one charge.  

The constitution and statutes of this State provide, of course, that no person shall be convicted of an offense which he has not been charged with having committed.  
People v. Lewis
, 83 Ill. 2d 296, 300 (1980).  This is not merely a technical defect in the indictment or procedural formality.  I believe the error of not identifying the statute under which Edmonds was ultimately convicted is substantive.  Where an accused is charged with a single offense, he cannot be convicted of an offense that was not charged unless the offense of which he is found guilty is a lesser included offense of the one charged.  
People v. Schmidt
, 
126 Ill. 2d 179, 183 (1988), citing 
Lewis
, 83 Ill. 2d at 300.  

FOOTNOTES
1:
¹The trial court found defendant not guilty of possession of more than 5 grams of cocaine with intent to deliver on a public way within 1,000 feet of a school.