FIRST DIVISION
September 28, 2007

No.1-05-0997

THE PEOPLE OF THE STATE OF ILLINOIS,          ) Appeal from
                                              ) the Circuit Court
    Plaintiff-Appellee,                      ) of Cook County
                                              )
                v.                           ) No. 04 CR 20966
                                              )
LARRY JOHNSON,                                ) Honorable
                                              ) John J. Moran,
    Defendant-Appellant.                     ) Judge Presiding.


JUSTICE CAHILL delivered the opinion of the court

Defendant Larry Johnson was convicted after a bench trial of indecent solicitation of a child and sentenced to 30 months' probation. He appeals. We reverse and remand for a new trial.

On August 5, 2004, the police arrested defendant at a Chicago train station where he allegedly was waiting to meet 14-year-old "Starlightgirl" for a sexual encounter. Starlightgirl was in fact Kane County police investigator Alexjandro Gomez, who had been posing as a minor in an online chat room. Defendant was 20 years old. He used the screen name "Sexyblkman4u1126." After defendant was arrested, he was taken to a Chicago police station where Gomez interviewed him. When defendant denied knowing why he was at the station, Gomez confronted him with transcripts of the online conversations between Starlightgirl and

Sexyblkman4u1126. Defendant said he recognized the conversations. Gomez had defendant initial each page of the transcripts. Defendant then made an inculpatory statement to an assistant State's Attorney that was memorialized in writing. Gomez appeared before a grand jury, testifying that "defendant believed he was talking to a 14-year-old girl when [defendant] solicited the sexual acts." The grand jury returned a two-count indictment against defendant for indecent solicitation of a child (720 ILCS 5/11-6(a) (West 2002)).

Defendant filed a pretrial motion to suppress the statements he made on August 5, 2004, to Gomez and the assistant State's Attorney. He claimed he made the statements after he asserted his rights under Miranda and was subjected to physical, emotional and mental coercion.

The trial court held a combined suppression hearing and trial. Gomez testified that his job was to go undercover on the internet, pose as a minor boy or girl and actively seek adults who want to have sex with minors. He said he maintains an undercover screen name in an America Online (AOL) chat room. He said his chat conversations with Sexyblkman4u1126 were recorded and a transcript was generated by a "Power Tools" software program on his undercover computer. Gomez said that he could not recall "word for word" his online conversations with Sexyblkman4u1126. The State showed Gomez the transcripts, but he said his memory was not "entirely" refreshed. Defendant objected to the use of the transcripts to assist Gomez on the grounds that the State had not laid a foundation for a "past recollection recorded." The trial court sustained the objection and directed the State to proceed with questions to establish a foundation.

Gomez testified that the transcripts "truly and accurately" reflected his conversations

with Sexyblkman4u1126 as recorded by his Power Tools software. Gomez also stated that the Power Tools software locked up on one occasion and failed to record a conversation. Over defendant's objection on foundational grounds, the trial court allowed Gomez to testify to the conversation that was not recorded. Defendant later objected to the State's use of the transcripts, arguing it was not relevant to his motion to suppress his statements. The court concluded, "It may be relevant at the trial, so we will get into it. Obviously, if the motion [to suppress the statements] prevails, it will all be stricken."

The State then moved to admit as evidence the original transcripts that defendant had initialed at the police station. Defendant objected on hearsay grounds, arguing that the documents were not admissible under the exception for business records. The court allowed the transcript, saying: "Defendant reviewed them and said that he remembered *** each of the conversations, and he in effect adopts it." Gomez read the transcripts into the record, including Sexyblkman4u1126's expressed desire to have oral and anal sex with Starlightgirl.

Before calling the next witness, the State moved to amend the indictment. The State asked to add—after the allegation in the indictment that defendant solicited "a child under the age of 17 years"—the phrase: "or one who he or she believes to be a child." Defendant objected, arguing that the State was trying to correct a "substantive defect" in the indictment. The trial court granted the State's motion, finding the correction to be "formal," not "substantive."

Defendant testified in his own behalf. He said Gomez handcuffed him to a pole at the police station and tightened the handcuffs when he refused to confess. Defendant said another police officer showed him a sledge hammer and threatened to break into defendant's mother's

and grandmother's apartments unless he signed an inculpatory statement. Defendant said that officer also grabbed his mouth when he refused to talk. Defendant said he was not allowed to call his mother despite promises from the police.

The trial court granted defendant's motion to suppress statements. The court did not order the recorded internet conversations stricken despite an earlier statement that it would strike the conversations if the statements were suppressed. The court then heard closing arguments for the trial and found defendant guilty.

Defendant argued in his motion for a new trial that the court erred in allowing the State to introduce the transcripts without an adequate foundation, noting that no AOL representative testified to their accuracy. He claimed prejudice because the trial court "relied heavily" on the transcripts. The trial court denied the motion.

In imposing the sentence, the trial court said to defendant: "The transcripts of what you wrote are disgusting."

Defendant presents five arguments on appeal. His dispositive argument is that the trial court erred by: (1) admitting the transcripts despite the State's failure to lay foundations for past recollection recorded, business records or computer-generated documents; and (2) failing to strike the transcripts from the record after granting defendant's motion to suppress statements.

The State argues defendant has waived his claim that the court erred in failing to require the foundation for computer-generated documents because defendant never objected on these grounds at trial, citing People v. Enoch, 122 Ill. 2d 176, 186, 522 N.E.2d 1124 (1988). Defendant urges review as plain error. Plain error exists where the error was so serious that it

affected the fairness of the trial and challenged the integrity of the judicial process. People v. Herron, 215 Ill. 2d 167, 187, 830 N.E.2d 467 (2005). Defendant relies on People v. Fultz, 32 Ill. App. 3d 317, 336 N.E.2d 288 (1975), to argue that he was denied a fair trial when the court admitted the highly prejudicial transcript without an adequate foundation by the State. The court in Fultz acknowledged that the admission of evidence in a combined suppression hearing and bench trial can be problematic. Fultz, 32 Ill. App. 3d at 332. The court warned that a trial court must maintain a consistent awareness of the distinction between the two determinations, considering the admissibility question separately from the trial evidence. Fultz, 32 Ill. App. 3d at 334.

Here, the content of the transcripts with its graphic references was prejudicial. The record of the proceedings does not rule out the possibility that the trial court considered the prejudicial evidence it had suppressed in reaching a guilty verdict. The trial court stated that if defendant's motion to suppress prevailed, the transcripts would be stricken. The record neither confirms nor supports the inference that the transcripts were disregarded after the court granted the motions to suppress the statements. The trial court's comment at sentencing, "[t]he transcripts of what you wrote are disgusting," supports the conclusion that the evidence supposedly suppressed when the court granted defendant's motion *did* affect the outcome of the case. Given the ambiguity of the trial court's ruling about what evidence was suppressed and the uncertainty about what evidence the trial court relied on to convict, we can only conclude that defendant was unfairly prejudiced. So we consider under a plain error analysis defendant's claim that the State did not lay an adequate foundation for the admission of the computer-generated

1-05-0997

transcript.

In general, "[a]ny writing or record *** made as a memorandum or record of any act, transaction, occurrence, or event, shall be admissible as evidence *** if made in the regular course of any business." 145 Ill. 2d R. 236(a). "In the case of computer-generated records, a proper foundation additionally requires a showing that: standard equipment was used; the particular computer generates accurate records when used appropriately; the computer was used appropriately; and the sources of the information, the method of recording utilized, and the time of preparation indicate that the record is trustworthy and should be admitted into evidence." People v. Morrow, 256 Ill. App. 3d 392, 397, 628 N.E.2d 550 (1993). The content of a document also may be admitted through the testimony of a witness. For example, a record from a police investigation may be admissible as a past recollection recorded if the proper foundation is laid. Brooke Inns, Inc. v. S&R Hi-Fi & TV, 249 Ill. App. 3d 1064, 1086, 618 N.E.2d 734 (1993). The foundation must show, among other things, "that the facts in the report have been recorded at the time of the occurrence or soon thereafter, and that the report is both truthful and accurate." Brooke Inns, 249 Ill. App. 3d at 1086.

Here, the State did nothing to establish a foundation for the admissibility of the transcripts as evidence. The accuracy of the transcripts was never addressed. The State offered no evidence of the efficacy of AOL or Power Tools records. Nor did it establish that Gomez was a competent operator of the systems used to compile the transcripts. We have found no Illinois cases that discuss the foundational requirements for evidence in an internet solicitation case, but a recent Nebraska appellate court case is instructive. The court there held that testimony about

6

the investigator's background and training in computer crimes was appropriate "when the crime charged required the use of a computer and the evidence necessitated an understanding of computer files, data recovery, and online chat rooms as well as instant messaging." State v. Atchison, 15 Neb. App. 422, 432-33, 730 N.W.2d 115, 125 (2007).

Here, evidence of Gomez's competence was neither required by the court nor elicited by the State. Gomez testified that the record of one conversation was lost when his computer malfunctioned. There was no evidence as to the cause or correction of the malfunction. We conclude that the admission of the transcripts without an adequate foundation was reversible error.

In remanding this matter for a new trial, we address defendant's contention on appeal that the trial court erred in allowing the State to amend the substance of the indictment by adding: "or one who he *** believes to be a child." This issue was discussed in oral arguments and we asked defendant to provide us with a transcript of the grand jury proceedings for an assessment of whether the amendment was formal or substantive. Defendant argues that under People v. Benitez, 169 Ill. 2d 245, 254, 661 N.E.2d 344 (1996), "once an indictment has been returned by the grand jury, it may not be broadened through amendment except by the grand jury itself." Benitez , 169 Ill. 2d at 254. An indictment "may be amended on motion by the State's Attorney or defendant at any time because of formal defects." 725 ILCS 5/111-5 (West 2004). A formal defect does not alter materially the nature and elements of the offense charged. People v. Edmonds, 325 Ill. App. 3d 439, 444, 757 N.E.2d 619 (2001).

Our review of the transcript shows Gomez testified that "defendant believed he was

talking to a 14[-]year[-]old girl when he solicited the acts." The grand jury heard that defendant was accused of soliciting a minor *or* someone he believed to be a minor and from that we can conclude that it returned the indictment with that understanding. The trial court did not allow an unacceptable broadening of the offense. The amendment was a formal, not a substantive, change.

We also address defendant's second challenge to the amended indictment–that it was void because of the disjunctive word "or" in the charge of soliciting "a child under the age of 17 years *or* one who he or she believes to be a child." (Emphasis added.) Defendant relies on People v. Heard and its progeny to argue that a charge is void if it states "disparate and alternative acts, any one of which will constitute the offense." People v. Heard, 47 Ill. 2d 501, 504, 266 N.E.2d 340 (1970). An indictment may be void even if the language of the charging instrument tracks the wording in the pertinent statute. Heard, 47 Ill. 2d at 505. But a charging instrument is insufficient only if the disjunctive creates uncertainty as to the charges against the defendant. People v. Eagle Books, Inc., 151 Ill. 2d 235, 245, 602 N.E.2d 798 (1992) , relying on Heard, 47 Ill. 2d at 504, and People v. Capitol News, Inc., 137 Ill. 2d 162, 174, 560 N.E.2d 303 (1990).

Here, the disjunctive did not create uncertainty as to the act at issue. The culpable act was solicitation. 720 ILCS 5/11-6(a) (West 2002); People v. Ruppenthal, 331 Ill. App. 3d 916, 920, 771 N.E.2d 1002 (2002). The disjunctive as to the subject of the solicitation—a child *or* someone believed to be a child—did not diminish the clarity of the charged act of solicitation. Where the indictment does not describe disparate means by which the offense was committed, the concerns in Heard do not arise. People v. Meyers, 158 Ill. 2d 46, 55, 630 N.E.2d 811 (1994).

8

Defendant was not prejudiced by an imprecise charging instrument.

In ordering a new trial, we note that the double jeopardy clause generally forbids second or successive trials. <u>People v. Olivera</u>, 164 Ill. 2d 382, 393, 647 N.E.2d 926 (1995). But if a new trial is needed to correct an error in the proceedings and not to supplement insufficient evidence, double jeopardy does not bar retrial. <u>Olivera</u>, 174 Ill. 2d at 393. This is true even where the evidence could not have sustained the verdict without erroneously admitted evidence. <u>Olivera</u>, 174 Ill. 2d at 393. Here, the evidence before the trial court, including the transcript, was sufficient to sustain its verdict and retrial is not barred.

Reversed and remanded for a new trial.

McBRIDE and GARCIA, JJ., concurring.