2016 IL App (1st) 142414

SIXTH DIVISION
Opinion filed:  June 17, 2016

No. 1-14-2414

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 13 CR 10554 |
| | ) | |
| ANTOINE DAVIS, | ) | Honorable |
| | ) | Arthur F. Hill, Jr., |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HOFFMAN delivered the judgment of the court, with opinion.
Presiding Justice Rochford and Justice Delort concurred in the judgment and opinion.

**OPINION**

¶ 1    Following a bench trial, the defendant, Antoine Davis, was convicted of delivery of a controlled substance, less than one gram of heroin, within 1000 feet of a school, and the lesser-included offense of delivery of a controlled substance. He was sentenced to eight years' and six months' imprisonment to be followed by a two-year term of mandatory supervised release (MSR). On appeal, the defendant argues that the evidence was insufficient to prove him guilty of delivery of a controlled substance within 1000 feet of a school beyond a reasonable doubt. He

also argues that he was denied effective assistance of counsel. For the following reasons, we reverse the defendant's conviction for delivery of a controlled substance within 1000 feet of a school (720 ILCS 570/407(b)(2) (West 2012)), affirm his conviction for delivery of a controlled substance (720 ILCS 570/401(d) (West 2012)), and remand the matter to the circuit court for resentencing.

¶ 2　　The defendant was charged by indictment with one count of delivery of a controlled substance, less than one gram of heroin, within 1000 feet of a school under section 407(b)(2) of the Illinois Controlled Substances Act (Act) (720 ILCS 570/407(b)(2) (West 2012)), and one count of delivery of a controlled substance, less than one gram of heroin, under section 401(d) of the Act (720 ILCS 570/401(d) (West 2012)). On March 25, 2014, the case proceeded to a bench trial, and the following evidence was adduced.

¶ 3　　Chicago police officer Steven Leveille testified that, on the afternoon of May 9, 2013, he was working undercover to make a narcotics purchase at a gas station located at 901 North Pulaski Road in Chicago. According to Officer Leveille, when he walked into the parking lot, the defendant approached him and asked what he was looking for. Officer Leveille replied, "blows," a term used for heroin, and the defendant stated that he only had "saw bucks," $10 bags. According to Officer Leveille, when he requested a $10 bag, the defendant waved toward the codefendant, Leshannon Hines, who was standing at the north end of the gas station. Hines walked over to the place where Officer Leveille and the defendant were standing, and the defendant assured Hines that Officer Leveille was "good." Officer Leveille and Hines then proceeded to an alley behind the gas station, and Officer Leveille gave Hines $10 in exchange for a plastic bag containing a white powdery substance, which was later tested and found to be 0.2 grams of heroin. The defendant was not in the alley when this exchange took place.

¶ 4     Officer Leveille stated that, after he purchased the heroin, he left the gas station and notified his fellow officers on the narcotics team of the transaction, including a description of both the defendant and Hines. Several minutes later Office Leveille returned to the front of the gas station and positively identified the defendant and Hines, who had already been placed in custody.

¶ 5     The parties stipulated that, if called to testify, Investigator Chris Johnson from the Cook County State's Attorney's office would state that, on February 10, 2014, he measured the distance from "901 North Pulaski in Chicago to the Orr Academy High School gymnasium at the nearest property line gate." To do so, he used a Rolatape Model 400 that was calibrated before and after the measurement. Investigator Johnson determined that the distance from 901 North Pulaski Road to the Orr Academy High School gymnasium was 822 feet.

¶ 6     After the State rested, the defendant testified on his own behalf. According to the defendant, he purchased food inside of the gas station and walked outside when the police drove up and arrested him and three other men. He denied that he knew Hines or that he had anything to do with the sale of heroin to Officer Leveille.

¶ 7     After the defendant rested and both the State and the defense made their closing arguments, the circuit court found that the defendant was accountable for the delivery of narcotics delivered by Hines to Officer Leveille and found the defendant guilty of both delivery of a controlled substance within 1000 feet of a school and the lesser-included offense of delivery of a controlled substance.

¶ 8     At the sentencing hearing, the defendant filed a motion for a new trial, which the circuit court denied. The court merged the lesser-included offense of delivery of a controlled substance into the defendant's conviction for the greater offense, delivery of a controlled substance within

1000 feet of a school and sentenced the defendant to eight years' and six months' imprisonment to be followed by a two-year term of MSR. This appeal followed.

¶ 9    On appeal, the defendant first contends that this court should reduce his conviction to the lesser-included offense of delivery of a controlled substance because the State failed to prove him guilty beyond a reasonable doubt of delivery of a controlled substance within 1000 feet of a school. The defendant offers two arguments to support this contention. First, he argues that the State failed to prove that Orr Academy High School was within 1000 feet of the location in the alley where the transaction took place. Second, the defendant asserts that the State failed to prove that Orr Academy High School was operating as a school on May 9, 2013, the date of the drug transaction. Because we agree with the defendant's first argument, we need not address the second.

¶ 10    A reviewing court will not overturn a defendant's conviction unless the evidence is so improbable or unsatisfactory that it creates a reasonable doubt of his guilt. *People v. Givens*, 237 Ill. 2d 311, 334 (2010). When presented with a sufficiency-of-the-evidence challenge, it is not the function of the reviewing court to retry the defendant. *Id*. Rather, the relevant question is " 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " (Emphasis in original.) *People v. Davison*, 233 Ill. 2d 30, 43 (2009) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). The reviewing court should not substitute its judgment for that of the trier of fact; instead, "[t]he weight to be given the witnesses' testimony, the credibility of the witnesses, resolution of inconsistencies and conflicts in the evidence, and reasonable inferences to be drawn from the testimony are the responsibility of the trier of fact." *People v. Sutherland*, 223 Ill. 2d 187, 242 (2006).

¶ 11   In his appeal in this case, the defendant asserted no error in his conviction of the Class 2 felony of delivery of a controlled substance in violation of section 401(d) of the Act (720 ILCS 570/401(d) (West 2012)). Instead, he has addressed his arguments solely to his conviction and sentence for the Class 1 felony of delivery of a controlled substance within 1000 feet of a school in violation of section 407(b)(2) of the Act (720 ILCS 570/407(b)(2) (West 2012)).

¶ 12   The defendant contends that, although the evidence established that the delivery of less than one gram of heroin took place in the alley behind the gas station located at 901 North Pulaski Road, Officer Leveille did not identify the exact location in the alley where the transaction took place, and the State failed to introduce evidence of the distance from the location of the transaction in the alley to Orr Academy High School. He concludes, therefore, that the State failed to prove him guilty beyond a reasonable doubt of delivery of a controlled substance within 1000 feet of a school. We agree.

¶ 13   Illinois courts have not directly addressed the issue of how distance should be measured in order to establish that an offense under the Act occurred within 1000 feet of a school. Several cases involving drug transactions alleged to have taken place within 1000 feet of a church appear to accept the proposition that the measurement is to be made from the actual location of the drug transaction to the real property comprising the church (720 ILCS 570/407(b)(2) (West 2012)). See *People v. Sparks*, 335 Ill. App. 3d 249, 257-58 (2002); see also *People v. Edmonds*, 325 Ill. App. 3d 439, 446-47 (2001) (addressing whether the State proved that a drug transaction occurred within 1000 of a school). We also find the decision of the United States Court of Appeals in the case of *United States v. Soler*, 275 F.3d 146 (1st Cir. 2002), instructive. In *Soler*, the court held that, in order to convict a defendant of a violation of section 806(a) of the Comprehensive Drug Abuse Prevention and Control Act of 1970 (21 U.S.C. § 860(a) (2000)) for

the sale of drugs within 1000 feet of a school, the government must prove beyond a reasonable doubt the distance from the school to the actual site of the drug transaction. *Soler*, 275 F.3d at 154; see also *United States v. Applewhite*, 72 F.3d 140 (D.C. Cir. 1995); *United States v. Johnson*, 46 F.3d 1166 (D.C. Cir. 1995). Although this court has not directly spoken on the measurement necessary to establish that an offense under the Act occurred within 1000 feet of a school, we do so today. In order to convict a defendant of delivery of a controlled substance within 1000 feet of a school, the State must prove beyond a reasonable doubt that the distance from the *actual site* of the transaction to "the real property comprising any school" is 1000 feet or less. 720 ILCS 570/407(b)(2) (West 2012).

¶ 14    In this case, the record is devoid of evidence establishing that the distance between the real property comprising Orr Academy High School and the actual location in the alley where the delivery of the controlled substance took place is 1000 feet or less. First, there is no evidence describing where in the alley behind the gas station the transaction between Officer Leveille and Hines occurred. Second, there is no evidence establishing where Investigator Johnson began his measurement, the stipulation only states "901 North Pulaski," which could be *anywhere* on the gas station's property.

¶ 15    The presentation of the evidence in the form of a stipulation does not remedy the stipulation's evidentiary shortcomings. See *People v. Gibson*, 287 Ill. App. 3d 878, 880 (1997). Stipulations between parties are given their natural probative effect, and a party is generally precluded from subsequently attacking or contradicting the stipulated facts. *Id.* However, where, as in this case, the parties stipulate to a witness's testimony, they do not concede "to matters that are not necessarily implicated" thereby. *People v. Durgan*, 346 Ill. App. 3d 1121, 1132 (2004) ("although stipulations are to be encouraged, clarity and precision of thought should be

encouraged as well. These goals can be obtained by ensuring that the stipulation to which the parties agree is both accurate and complete."). Here, taking the stipulated testimony as true, the parties only agreed that *somewhere* on the property of 901 North Pulaski Road was within 1000 feet of the Orr Academy High School gymnasium at the nearest property line gate. The natural probative effect of the stipulation thus falls short of proving that the distance from the *actual site* of the transaction in the alley behind the gas station at 901 North Pulaski Road to the real property comprising Orr Academy High School is 1000 feet or less.

¶ 16    Based upon the foregoing analysis, we find that the State failed to prove beyond a reasonable doubt that the defendant was guilty of delivery of a controlled substance within 1000 feet of a school, and we, therefore, reverse the defendant's conviction and sentence for that charge.

¶ 17    The defendant has also argued that his attorney was ineffective by requesting that the circuit court impose a sentence of probation; a sentence which is not available to a defendant convicted of the Class 1 felony of delivery of a controlled substance within 1000 feet of a school. The defendant contends that, as a direct result, the circuit court considered information, which it would not otherwise have considered in sentencing him to eight years' and six months' incarceration. However, as we have reversed the defendant's conviction and sentence for delivery of a controlled substance within 1000 feet of a school, we need not address this issue.

¶ 18    The defendant has not raised any claim of error addressed to his conviction of the Class 2 felony of delivery of a controlled substance. As a consequence, we affirm his conviction of that offense and remand this matter to the circuit court with directions to sentence the defendant based upon that conviction.

¶ 19    Affirmed in part; reversed in part and remanded with directions.